PALMER *v.* STATE OF TEXAS AND ECKHARDT, RE-CEIVER OF THE WATERS-PIERCE OIL COMPANY.

CERTIORARI TO THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 224. Argued April 8, 9, 1908.—Decided January 18, 1909.

As the Federal and the state court exercise jurisdiction within the same territory, derived from and controlled by separate authority, each must respect the jurisdiction acquired over property by the other. When either a Federal, or a state, court of competent jurisdiction takes possession of, or acquires jurisdiction over, property, that property is

as effectually withdrawn from the jurisdiction of the other court as though removed to the territory of another sovereignty. *Wabash Railroad* v. *Adelbert College,* 208 U. S. 38, 54.

Jurisdiction over property, properly acquired by the state court on the qualification of the receiver, is not lost by the giving of a *supersedeas* pending appeal which, as in this case, merely suspends the order of appointment.

When a state court has acquired jurisdiction over property before any application is made to the Federal court it has the right while lawfully exercising that jurisdiction to determine how far it will permit any other court to interfere therewith. *People's Bank* v. *Calhoun,* 102 U. S. 256.

Jurisdiction over property by a state court so as to withdraw it from the jurisdiction of Federal courts in the same territory, does not necessarily depend on possession, but is acquired as soon as the receiver has been appointed and has qualified. *Farmer's Loan & Trust Co.* v. *Lake St. Electric Railway Co.,* 177 U. S. 59, followed; *Shields* v. *Coleman,* 157 U. S. 168, distinguished.

The courts of a State construe its statutes and their judgment is conclusive in the Federal courts.

Where the state courts have sustained a receivership of a foreign corporation on a statute in force before the corporation entered the State, and such statute provides for the appointment of a receiver in case of dissolution, forfeiture, insolvency or imminent danger thereof, the fact that the receivership was also sustained under provisions of an anti-trust law passed after the corporation entered the State, does not amount to an unlawful interference of the rights of such corporation to transact interstate commerce business.

Under the circumstances of this case it is not proper to charge the costs and expenses of the receiver erroneously appointed by the Federal court on complainant, but those expenses should be paid from the fund.

158 Fed. Rep. 705, modified and affirmed.

The facts are stated in the opinion.

*Mr. Moorfield Storey* and *Mr. E. B. Perkins,* with whom *Mr. J. L. Thorndike* was on the brief, for petitioners:

The receiver appointed by the state court was not in possession, and had no right to possession, of the property at the time when the order was made by the United States court for the appointment of a receiver. *Shields* v. *Coleman,* 157 U. S. 169;

*People's Cemetery Association* v. *Oakland Cemetery Co.*, 24 Tex. Civ. App. 668; *S. C.*, 60 S. W. Rep. 679; *Hagan* v. *Lucas*, 10 Pet. 400, discussed and distinguished.

Neither the State of Texas nor Eckhardt is a party to this cause or interested in its objects. The suit is a shareholders' suit for the purpose of winding up the business of the company in Texas, which cannot be carried on there under the existing laws, and for the protection of its property and business in the meanwhile by the appointment of a receiver. The receiver was appointed by the United States Circuit Court for that purpose, without interfering with the possession of any other person except that of the defendant in the suit, The Waters-Pierce Oil Company. There is nothing in these proceedings that affected any right or interest either of the State of Texas or of Eckhardt, the receiver previously appointed by the state court.

Possession of the officer of one court, whether he be a receiver, sheriff, marshal, or sequestrator, is the ground upon which the authority of other courts or any of their officers to meddle with possession of the same property has been excluded. There is no magic about a receiver, and the same rule is applied to him as to a sheriff or a marshal, and for the same reasons. *Hagan* v. *Lucas* (1836), 10 Pet. 400; *Taylor* v. *Carryl* (1857), 20 How. 583; *Freeman* v. *Howe* (1860), 24 How. 450; *Covell* v. *Heyman* (1883), 111 U. S. 176; *Shields* v. *Coleman* (1895), 157 U. S. 168; *Payne* v. *Drewe* (1804), 4 East, 523, 545.

In applying the rule the same kind of possession is necessary in the case of a receiver as in the case of a sheriff or a marshal.

The Court of Appeals was also wrong in directing that the costs of the receivership be taxed against the complainant.

That was a question between the parties to the suit, and was not involved in the appeal of the State of Texas and Eckhardt from the orders refusing their application, and the materials necessary for determining how the costs of the receivership should be borne were not before the court. Those costs were not part of the costs of the appeal.

By the effect of the supersedeas, the property and business

of the company remained in its hands in the same manner as if there had been no judgment or order of the state court. The expenses of the receivership were a part of the expenses of carrying on the business, and should be dealt with accordingly. If the State should ever be in a position to call for an account of the business of the company during the pendency of the appeal in the state courts, the question how the expenses of the receivership should be borne may arise. But it does not arise upon the appeal in this case, and the expenses ought not to be saddled on the plaintiff without an inquiry.

This part of the decree is also contrary to *Atlantic Trust Co. v. Chapman*, 208 U. S. 360, and in the present case there are not even the circumstances which furnished the ground of the contention that there should have been a different decision in that case.

*Mr. R. V. Davidson*, Attorney General of the State of Texas, and *Mr. G. W. Allen*, with whom *Mr. Jewel P. Lightfoot, Mr. John W. Brady, Mr. T. W. Gregory, Mr. R. L. Batts, Mr. D. W. Doom* and *Mr. D. H. Doom* were on the brief, for respondents:

The state court acquired jurisdiction over the property in question before the complaint was filed in the Federal court. Opinion below; *Farmers' L. & T. Co. v. Lake Street E. R. Co.*, 177 U. S. 51; *Chittenden v. Brewster*, 2 Wall. 191; *Gaylord v. Railway Co.*, 6 Biss. 286, 291, 292; *Union Trust Co. v. Railway Co.*, 6 Biss. 198; *Illinois Steel Co. v. Putnam*, 68 Fed. Rep. 515; *Adams v. Trust Co.*, 66 Fed. Rep. 617; *Sharon v. Terry*, 36 Fed. Rep. 355; *Reisner v. Railway Co.*, 89 Texas, 656; *Lewis v. Railway Co.*, 81 Texas, 1; *May v. Printup*, 59 Georgia, 128; *Waters-Pierce Oil Co. v. State of Texas*, 103 S. W. Rep. 836.

The jurisdiction of the state courts having attached, it became exclusive, and their right to prosecute the suit to final determination and exhaust their jurisdiction could not be arrested, defeated, impaired or interfered with by a Federal tribunal. See opinion below; *Wabash R. R. Co. v. Adelbert College*, 208 U. S. 38; *Covell v. Heyman*, 111 U. S. 176; *Hagan v.*

*Lucas,* 10 Pet. 400; *Taylor* v. *Taintor,* 16 Wall. 370; *Heidritter* v. *Oil Cloth Co.,* 112 U. S. 148, 294; *People's Bank* v. *Winslow,* 102 U. S. 256; *Taylor* v. *Carryl,* 20 How. 583; *Freeman* v. *Howe,* 24 How. 450; *Buck* v. *Colbath,* 3 Wall. 334; *Farmers' L. & T. Co.* v. *Railway Co.,* 177 U. S. 61; *Sharon* v. *Terry,* 36 Fed. Rep. 355, and authorities cited; *Mutual Reserve Fund* v. *Phelps,* 190 U. S. 147; *Reisner* v. *G., C. & S. F. Ry. Co.,* 89 Texas, 658, 660; *Union Trust Co.* v. *Railway Co.,* 6 Biss. 197; *Waters-Pierce Oil Co.* v. *Texas,* 103 S. W. Rep. 836; Waite on Insolvent Corp., § 261; High on Receivers, § 52; *State* v. *Reynolds,* 107 S. W. Rep. 487.

The giving of the supersedeas bond appealing from the order of the state court appointing its receiver still left the property in the custody of the state courts, though the right of the receiver to the possession thereof was suspended and the right of the oil company to such possession was for the time being restored. Rev. Stat. of Texas, art. 1383; *Waters-Pierce Oil Co.* v. *Texas,* 103 S. W. Rep. 836; *San Antonio St. Ry. Co.* v. *Texas,* 38 S. W. Rep. 54; *Hagan* v. *Lucas,* 10 Pet. 400; *G., C. & S. F. Ry. Co.* v. *F. W. & N. O. Ry. Co.,* 68 Texas, 103; *Churchill* v. *Martin,* 65 Texas, 368; *Wells* v. *Littlefield,* 62 Texas, 30; *S. C.,* 12 Ab. Prac. 66; *Fowler* v. *Stonum,* 6 Texas, 72; *O'Brien* v. *Hilburn,* 22 Texas, 622, 626; *Fleming* v. *Clark,* 26 Mo. App. 222; *Caldwell* v. *Gans,* 1 Montana, 577, 578; *Coss* v. *Wieder,* 22 Oregon, 457; *Selleck* v. *Phelps,* 11 Wisconsin, 388; *Pipher* v. *Fordyce,* 88 Indiana, 437; *Bain* v. *Lyle,* 67 Pa. St. 64, 66; *Slutter* v. *Kirkendall,* 100 Pa. St. 313.

The decision of the Court of Civil Appeals of the Third Supreme Judicial District of the State of Texas, holding that the giving of the supersedeas bond appealing from the order of the state court appointing its receiver left the property in the custody of the state court, is binding on the Federal court. Rev. Stat., § 721; *Waters-Pierce Oil Co.* v. *Texas,* 103 S. W. Rep. 836; *Wade* v. *Travis Co.,* 174 U. S. 499; *United States* v. *Morrison,* 4 Pet. 124; *Green* v. *Neal's Lessee,* 6 Pet. 291; *Leffingwell* v. *Warren,* 2 Black, 599; *Fairfield* v. *Gallatin Co.,* 100 U. S.

47; *Andrews* v. *Nat. F. & P. Works,* 36 L. R. A. 150; *Sanford* v. *Poe,* 69 Fed. Rep. 546; *Bauserman* v. *Blount,* 147 U. S. 647; *Moores* v. *Citizens' Nat. Bank,* 104 U. S. 625; *Stutsman County* v. *Wallace,* 142 U. S. 293; *Suydam* v. *Williamson,* 24 How. 427; *Waters-Pierce Oil Co.* v. *State,* 106 S. W. Rep. 326.

MR. JUSTICE DAY delivered the opinion of the court.

This case grows out of the proceedings in the State of Texas to forfeit the permit of the Waters-Pierce Oil Company to do business in that State, and the subsequent proceedings for the appointment of a receiver of the property of the company in the state court, just decided, *Waters-Pierce Oil Co.* v. *Texas,* Nos. 1 and 2, cases Nos. 359 and 360, *ante,* pp. 86, 112. It is unnecessary, in view of the recital of the facts contained in those cases, to repeat herein what is there said in this connection.

On the nineteenth day of June, 1907, after the appointment of a receiver in the state case and the acceptance and approval of his bond, an appeal was taken from the District Court of Travis County to the Court of Civil Appeals of Texas, and bond given to supersede the receivership. Immediately thereafter and upon the same day a bill was filed by Bradley W. Palmer, one of the petitioners herein, against the Waters-Pierce Oil Company, in the Circuit Court of the United States for the Eastern District of Texas, praying for the appointment of a receiver for the Waters-Pierce Company. Palmer filed the bill as a stockholder in the company. The bill is quite lengthy and recited the proceedings in the District Court of Travis County, Texas, stated in cases Nos. 359 and 360, *ante,* recites the appeal from the order appointing a receiver, to the Court of Civil Appeals, also the appeal from the judgment terminating the right to do business in Texas, and for the recovery of penalties.

The prayer of the bill is for the appointment of a receiver to take possession of the property belonging to the company in Texas, that the business of the company might be wound up,

and its property sold, that the receiver be authorized to oper-
ate and manage the property, etc.

On the same day the Waters-Pierce Oil Company waived the
service of subpœna, confessed the averments of the bill, and
the Circuit Court appointed Chester B. Dorchester receiver.

On the same day H. C. Pierce intervened, and, repeating the
allegations of the original bill, prayed the same relief. On
June 20, 1907, Dorchester qualified and gave bond as receiver,
and was put in possession of the property.

The cases involved in Nos. 359 and 360, *ante*, having been
appealed to the Court of Civil Appeals, Robert J. Eckhardt,
the state receiver appointed in the District Court of Travis
County, applied in the Court of Civil Appeals for an order to
obtain possession of the property which had been placed in the
hands of the Federal receiver.

The Court of Civil Appeals on June 28, 1907, handed down
an opinion (103 S. W. Rep. 836), in which it declined to make
an order directing the receiver in the Federal court to surrender
possession, but did direct its receiver, in conjunction with the
law officers of the State of Texas, to appear before the Circuit
Court of the United States for the Eastern District of Texas,
and to there urge the rights of the State and the prior jurisdic-
tion of its courts over the property in question, and to ask for
such orders, decrees and judgments as might be proper and
necessary to protect that jurisdiction.

Thereafter, on July 1, 1907, the State of Texas, through its
officers and Eckhardt as receiver, applied to the Circuit Court
of the United States and prayed it to set aside and annul its
order appointing a Federal receiver. On July 15 the Circuit
Court refused to grant the prayer of the State of Texas and the
state receiver. The State of Texas and Eckhardt as receiver
took an appeal from the order of June 19, 1907, appointing the
Federal receiver, and from the order of July 15, 1907, refusing
to vacate the order appointing Dorchester receiver. Thereupon
the matter came on for hearing in the Circuit Court of Appeals,
and that court, holding that the state court had first acquired

jurisdiction in the matter, reversed and vacated the order of the Circuit Court appointing a receiver, and remanded the case to the Circuit Court, with directions to discharge the receiver, and to tax all the costs of the receivership against the complainant. 158 Fed. Rep. 705.

If the state court had acquired jurisdiction over the property by the proceedings for the appointment of its receiver, and had not lost the same by the subsequent proceedings, then, upon well-settled principles, often recognized and enforced in this court, there should be no interference with the action of the state courts while thus exercising its authorized jurisdiction. The Federal and state courts exercise jurisdiction within the same territory, derived from and controlled by separate and distinct authority, and are therefore required, upon every principle of justice and propriety, to respect the jurisdiction once acquired over property by a court of the other sovereignty. If a court of competent jurisdiction, Federal or state, has taken possession of property, or by its procedure has obtained jurisdiction over the same, such property is withdrawn from the jurisdiction of the courts of the other authority as effectually as if the property had been entirely removed to the territory of another sovereignty. *Wabash Railroad* v. *Adelbert College,* 208 U. S. 38, and previous cases in this court cited therein at page 54.

The Circuit Court of the United States, in the appointment of a receiver in this case, seems to have proceeded upon the theory that the proceedings in the state court had left the property in such a situation that it was no longer *in custodia legis,* and was liable to seizure by adverse proceedings.

This situation had arisen, in the view of the Circuit Court, because the Waters-Pierce Oil Company had given a bond securing the amount of penalties awarded against it by the judgment, and had also given a bond in the sum of $100,000 in order to suspend the powers of the receiver to act pending the appeal; and, in the view of the learned circuit judge, the court of last resort of the State of Texas had established the rule that

an appeal from such order, and the giving of the security re-
quired by the court, had the effect of returning the property to
the owner, and to make the order appointing the receiver in-
operative. "It appears to me," says the learned judge, "that
they [the Texas cases] announce the doctrine that the powers of
the receiver cease, and that the adverse party takes the security
which the law furnishes, and the defendant takes his property,
with the right to use, control and dispose of the same." 158
Fed. Rep. 717.

The Circuit Court of Appeals in this case, after reviewing the
Texas cases, reached a different conclusion, and held that the
rulings of the Supreme Court of Texas showed that the appeal
and the giving of the bond had only the effect of suspending the
order appointing the receiver, and that the court had not lost
jurisdiction over the property by the bond given to supersede
the order made.

If the courts of Texas had acquired jurisdiction over this
property, and the subsequent procedure amounted to simply
suspending the order appointing the receiver, then we are of
opinion that the Federal court had no right to intervene. If it
is established that the state court had acquired jurisdiction
over this property before the application in the Federal court
was made, the court of the State had the right to determine for
itself, while continuing to lawfully exercise its prior jurisdic-
tion, how far it would permit any other court to interfere with
such possession and jurisdiction. *People's Bank* v. *Calhoun*,
102 U. S. 258, 261.

As already stated, after the case reached the Court of Civil
Appeals of Texas an application was made for relief against
the receiver appointed by the United States Circuit Court, and
to obtain possession of the property. That court maintained
(103 S. W. Rep. 836) that the state court had acquired juris-
diction over the property; that the effect of the appeal was
simply to suspend the order appointing the receiver, and that
the appellate court still had jurisdiction over the *res* the
same as the trial court had; and the court cited the decisions

of the Supreme Court of Texas which seem to support that view.

The Court of Civil Appeals subsequently affirmed the order appointing the receiver, holding that the proceeding was authorized under the act of April 11, 1907, and the general statutes of Texas, authorizing the appointment of a receiver where a corporation had forfeited its corporate rights. Article 1465, Sayles' Stats. of Texas.

Upon application to the Supreme Court of Texas that court refused to allow a petition in error to be filed, and the case was brought here, being No. 360, *ante,* just disposed of, in which we held no Federal question was raised, *ante,* p. 112.

The case also came before the Supreme Court of Texas, and is reported in *Waters-Pierce Oil Company* v. *The State,* 106 S. W. Rep. 326. In that case application was made by the Attorney General in the Supreme Court of the State for the appointment of a receiver, and the court, in deciding the motion stated its reason for recalling the mandate issued by the Court of Civil Appeals upon the motion of the Waters-Pierce Oil Company, and also passed upon the application of the Attorney General of the State of Texas for an order revoking the order recalling the mandate of the Court of Civil Appeals, or a direction of the Supreme Court that the state receiver take actual and physical possession of the property and conduct the same under the order of the Supreme Court until the final disposition of the case.

The grounds stated for the former order, recalling the mandate of the Court of Civil Appeals, were that as the appellant, the Waters-Pierce Oil Company, had the right to present an application for a writ of error to the Supreme Court, the clerk of the Court of Civil Appeals had no authority to issue the mandate on the judgment of that court until the time had expired for an application for writ of error to the Supreme Court, and the mandate was therefore withdrawn to await the action of the Supreme Court upon the application for writ of error. As before stated, that application for writ of error has since been

denied. In stating its decision on the motion to withdraw the mandate the Supreme Court of Texas said:

"That decision in no wise interferes with any authority that the District Court or the receiver could lawfully exercise over the property of the oil company during the pendency of that appeal."

In considering the effect of the appeal the Supreme Court of Texas cited the previous cases in Texas, and used the following language (106 S. W. Rep. 330):

"This court has no power to direct or authorize Eckhardt to take charge of the property of the defendant company, when the statute expressly provides that the giving of the appeal bond shall suspend the action of the court in that regard. If the appeal did not have the effect to suspend the execution of the order, the judge had authority to limit the appointment, as he did by his order, in which it is thus expressed: 'And now, on this, the 15th day of June, 1907, in open court, it is ordered by the court in the above cause that $100,000 be and the same is hereby fixed as the amount of bond which the defendant shall be required to give in order to supersede the judgment of the court placing defendant's property in the hands of a receiver; and it is further ordered that, upon the approval of the court and the filing with the clerk by defendant of a good and sufficient bond conditioned as required by law for said amount, further proceedings herein be suspended pending appeal. But this order shall not affect or rescind the order heretofore entered prohibiting and enjoining the defendant, its servants, officers, agents, and attorneys, from removing any of its property or assets beyond the limits of the State of Texas; but said injunction shall remain in full force and effect pending the appeal from the order appointing a receiver herein.' We do not, however, intimate a doubt upon the proposition, which we have asserted, that the appeal, by the filing of the bonds by the defendant in that court, suspended the operation of the order appointing the receiver until the final decision of the case."

The Supreme Court of Texas has therefore decided in this case

as we think it had held in its former decisions, cited in the opinion of Judge Shelby, speaking for the Court of Appeals in this case, that the effect of the appeal and bond was merely to suspend the order appointing the receiver pending the determination of the appeal.

In this attitude of affairs had the Circuit Court of the United States authority to take possession of the property under the bill filed in that court for the appointment of a receiver?

We think the law of this court is well established to be that jurisdiction over the property was acquired by the state courts when the receiver was appointed, the judicial process served, and the receiver duly qualified, although the state receiver had not taken actual possession of the property. This principle was recognized in *Farmers' Loan & Trust Co.* v. *Lake Street Electric Rwy. Co.*, 177 U. S. 51, 61, in which this court said:

"The possession of the *res* vests the court which has first acquired jurisdiction with the power to hear and determine all controversies relating thereto, and, for the time being, disables other courts of co-ordinate jurisdiction from exercising like power. This rule is essential to the orderly administration of justice, and to prevent unseemly conflicts between courts whose jurisdictions embrace the same subjects and persons. Nor is this rule restricted in its application to cases where property has been actually seized under judicial process before a second suit is instituted in another court, but it often applies as well where suits are brought to enforce liens against specific property, to marshal assets, to administer trust or liquidate insolvent estates, and in suits of a similar nature where, in the progress of the litigation, the court may be compelled to assume the possession and control of the property to be affected. The rule has been declared to be of especial importance in its application to Federal and state courts. *Peck* v. *Jenness*, 7 How. 612; *Freeman* v. *Howe*, 24 How. 450; *Moran* v. *Sturges*, 154 U. S. 256; *Central National Bank* v. *Stevens*, 169 U. S. 432; *Harkrader* v. *Wadley*, 172 U. S. 148."

If this rule is not applied, a court of competent jurisdiction,

which by the law of its own procedure has acquired jurisdiction of property, may find itself, as in this case, after final judgment maintaining its right over the property, at the conclusion of the litigation deprived of the subject-matter of the suit. Indeed, this case would be an apt illustration of that situation. The courts of Texas have sustained the right to the receivership, and have held it was only suspended pending the appeal, but when it comes to enforcing the right to administer the property, if the Federal receivership is maintained the court of original jurisdiction finds itself stripped of the property and the same being administered in another court, which acquired its dominion over the property after it had become subject to the state jurisdiction.

It is further contended that this case is controlled by the principles laid down in *Shields* v. *Coleman*, 157 U. S. 168. But in that case, before there was an attempt to appoint a receiver and take possession of the property by the second proceeding, the first receiver had been discharged and the property restored to the owner, who had given a bond for the forthcoming of the property to answer the judgment. In this case the receivership had merely been suspended when the application was made to the Federal court, and the receiver's bond was conditioned to account for the rental value of the property pending the appeal.

A special ground for the appointment of a receiver by the Federal court is said to exist in the danger that the Waters-Pierce Oil Company might be made the subject of prosecutions and its officers interfered with or intimidated pending the appeal and while the receivership was in abeyance because of the appeal from the order appointing him. When a similar contention was made in the Supreme Court of Texas in support of the application of the State for the appointment of a receiver in that court, the Supreme Court of Texas said:

"If in the use of its property the Waters-Pierce Oil Company should violate the laws of the State during the pendency of its appeal, it would be liable to prosecution and punishment in the same manner as for acts done before the trial of this case; and if

the safety of the persons in charge of the property is endangered in any manner the courts are open to them to seek their protection where the jurisdiction has been lodged by the constitution of this State for such purposes. The trial court has no less power now to prevent a violation of the laws of this State by the conducting of the business of the Waters-Pierce Oil Company than it had before the trial." 106 S. W. Rep. 331.

It is submitted by the counsel for the petitioners that the effect of the appointment of the receiver in the state court was to violate the right of the Waters-Pierce Oil Company to carry on its business of an interstate character. It is true that the original proceedings which resulted in forfeiting the permit of the Waters-Pierce Oil Company to do business in the State of Texas resulted in a judgment forfeiting the permission theretofore given by the State, except the interstate business of the company.

· If the proceedings for the appointment of a receiver had been sustained as merely in aid of the original judgment, and for the purpose of carrying that into effect, there would have been cogency in this argument. It is to be remembered that the state courts of Texas have sustained the proceedings for the appointment of a receiver (No. 360, *ante*, p. 112), not only under the act of April 11, 1907, which makes special provision for carrying out judgments under the anti-trust laws of the State and for the appointment of a receiver in such cases, but have maintained as well the right of the courts of Texas to appoint the receiver under the general statutes of the State of Texas (§ 3, art. 1465, Sayles' Statutes), giving authority to apply in any court of competent jurisdiction in certain cases, among others, where a corporation has been dissolved, or is insolvent, or is in imminent danger of insolvency, or has forfeited its corporate rights.

The Texas courts have the right to construe their own statutes, and their judgment in such matters is conclusive upon the Federal courts. We have, therefore, a case where the appointment of a receiver has been sustained by the highest court of the State under a general statute giving the right to appoint re-

ceivers in such cases and to take possession of the property of the corporation in the State.

This statute was admittedly in force before the permit of the Waters-Pierce Company to do business within the State of Texas was granted. Under this statute, no less than the special act of April 11, 1907, the courts of the State have held that the receivership can be maintained under the procedure had in this case, and that the appeal merely suspended the receivership. In that view there is no unlawful interference with the rights of the company to transact interstate commerce business.

Upon the whole case, we are of opinion that the courts of Texas had not lost the jurisdiction which they had acquired by the appointment of the receiver, and that the Federal court ought not to have appointed a receiver to take possession of the property. We think the Circuit Court of Appeals was right in reversing the order of the Circuit Court appointing the receiver. In that court the costs of the receivership were assessed against Palmer, the original complainant. The receivership has gone on pending the proceedings upon appeal and we are of opinion that justice will be done if the costs of the receivership are paid out of the fund realized in the Federal court, and it is so ordered; otherwise the judgment of the Circuit Court of Appeals is

*Affirmed.*