## BURNRITE COAL BRIQUETTE CO. v. RIGGS et al.

(Circuit Court of Appeals, Third Circuit. June 27, 1925.)

No. 3315.

**1. Receivers ☞154(1) — Costs chargeable against corporation acquiescing in appointment without jurisdiction.**

Exception to general rule that, when court appoints receivers for corporation without jurisdiction to do so, costs and expenses of receivership are not chargeable to corporation, arises where corporation acquiesces in court's action.

**2. Receivers ☞154(1) — Jurisdiction to appoint held acquiesced in relative to corporation's liability for costs.**

Corporation acquiesced in court's jurisdiction to appoint receivers, so that, though it was without such jurisdiction, costs and expenses of receivership are chargeable to corporation; it having stood by while the receivers acted as such, and not raised the question of jurisdiction till months after the appointment, when contempt proceeding was instituted.

Appeal from the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Suit by Edward S. Riggs against the Burnrite Coal Briquette Company, in which one Riggs and others were appointed receivers. From an adverse decree as to costs and expenses of receivership, defendant appeals. Affirmed.

See, also, 295 F. 516.

George W. C. McCarter, of Newark, N. J., for appellant.

Irving Riker and Adrian Riker, both of Newark, N. J., for Merchants' & Manufacturers' Bank.

Merrit Lane, of Newark, N. J., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM. On receipt of the mandate of this court, following its decision that the District Court did not have jurisdiction to appoint receivers for the respondent corporation (291 F. 754), the District Court for the District of New Jersey ordered an accounting by the receivers, referred it, when made, to a master, and on exceptions to the master's report approved their account. It then entered a decree by which it held that the items of the receivers' account, including indebtedness incurred by receivers' certificates and for compensation to the receivers and fees to their counsel, should be paid from funds in their hands, and adjudged that the items of the account were liens and charges against the corporation's. property, to be recovered by sale of the property under further orders of the court, unless within a named period the corporation advance its own funds and pay the indebtedness of the receivership, in which event the court further ordered that all property of the receivership be delivered and surrendered to the corpooration and the receivership proceedings be ended by dismissing the bill. The corporation appealed, assigning several errors, only one of which we shall discuss. This is error charged to the court in allowing the administrative costs of the receivership in a case in which the court had no jurisdiction to appoint receivers.

[1] Without doubt the rule of law is that, when a court has appointed receivers of a

corporation without jurisdiction to do so, costs and expenses of the receivership are not chargeable against the corporation, but must be recovered, if at all, from the plaintiff in the suit. That is the general rule; but, like all rules, it has its exceptions, one of which arises when the corporation has acquiesced in the court's action. The inner question of this case therefore is whether, on the facts, the corporation acquiesced in the jurisdiction of the court when it appointed receivers to take over and manage its affairs. We think it did.

[2] We shall not recite the history of these proceedings. We shall merely state that the corporation did not raise the question of the jurisdiction of the court to appoint the receivers at the time of their appointment or subsequently during a period when the receivers, with the permission of the court, were borrowing money on receivers' certificates and expending it upon the corporation's property, or during the early part of the time the receivers were operating and improving the corporation's plant, paying tax and mortgage liens, and expanding its business. Though vigorously opposing the receivers in other ways, the corporation did not intimate a lack of jurisdiction on the part of the court to appoint receivers until, months after the appointment, a proceeding for contempt was instituted, which preceded by only a few days the decree from which the first appeal was taken. When the corporation thus stood by and permitted the receivers to do—and the court to approve—acts which should only have been done by receivers validly appointed, we are satisfied that the corporation's conduct constituted acquiescence within the full meaning of that term, and that, in consequence, the case falls within the exception to the general rule we have stated. Palmer v. Texas, 212 U. S. 118, 132, 29 S. Ct. 230, 53 L. Ed. 435.

The decree below is affirmed.