CAMPBELL *v.* HARGRAVES.

Opinion delivered April 7, 1930.

*Mann & Harrelson,* for appellant.

HART, C. J., (after stating the facts). The receiver was appointed upon application of the mortgagee. After his appointment, the receiver gave bond as required by the court and duly qualified as such receiver. After this, the property which he was ordered to take charge of was deemed to be in custody of law. The court acquired jurisdiction over the property when the receiver was appointed, the judicial process served upon the mortgagor, and the receiver duly qualified as such, although he did not in fact take charge of the property. 23 R. C. L. par. 68; *Buchanan* v. *Hicks,* 98 Ark. 370, 136 S. W. 177, 34 L. R. A. (N. S.) 1200; and *Palmer* v. *Texas,* 212 U. S. 118, 29 S. Ct. 230.

It will be noted that the receiver was appointed and qualified on October 29, 1925, and that he did not report his proceedings to the court until March 28, 1927. It is true that he testified that he examined the live stock soon after his appointment and reported to the attorney for the mortgagee that the live stock was so old and worthless that it would not pay to keep them, and that he understood from the acquiescence of the attorney for the mortgagee that he accepted his report and did not wish him to take charge of the live stock. This, however, did not exempt him from liability to the mortgagor. He was appointed by the court, and the mortgagor would not have the right to interfere with his possession of the live stock without permission of the court. It was his duty to have reported the matter to the court and to have secured his discharge to the end that the mortgagor might have been notified that he might retake possession of the live stock. Not having done so, the receiver was guilty of negligence in the discharge of his

duty, and was liable to the mortgagor for any loss or damages occasioned thereby.

We are of the opinion, however, when the evidence is carefully considered, that the chancellor erred in finding the amount of damages in favor of the mortgagor in the sum of $920. It is true that he was justified in so finding under the evidence adduced in favor of the mortgagor; but we think that, when all the attendant circumstances are considered, this amount was too much. The mortgagor had not seen the live stock for some time prior to the appointment of the receiver. The testimony of the sheriff who was appointed receiver was that when he went to examine them they were poor and were not worth feeding. There was only one young horse in the number, and this one had the fistula, and soon died from that disease. The other four head of live stock were old, and either died from starvation or old age, or a combination of both. Hence the mortgagor could not recover any sum for their usable value. Two of the mortgaged animals were afterwards taken charge of and sold by him for what appears to have been their worth. This left only three animals to be accounted for; and, according to the testimony of the mortgagor, they were only worth $230.

We also think the preponderance of the evidence shows that the plow tools and farming implements were greatly overvalued by the mortgagor. The evidence is not very clear as to whether the amount of farming tools and farming implements testified to by the mortgagor were in use on the farm when the receiver was appointed. In any event, according to the testimony of the tenants on the farm they were very old and were practically worn out. Two of the tenants testified that they were not worth more than $50 or $60. Without any further discussion of the evidence or reviewing it in detail, we are satisfied, after a careful consideration of it as it appears in the transcript, that the live stock and farm implements were not worth in the aggregate more than

$500. Inasmuch as chancery cases are tried *de novo* in this court, the decree will be modified, and judgment will be rendered in favor of S. S. Hargraves against J. M. Campbell, receiver, and T. A. Burford, the surety on his bond, for the sum of $500, and this sum shall bear interest from this date at the rate of six per cent. per annum, if the same is not paid within thirty days.

It is so ordered.