184

## THE GREYHOUND.
### No. 2730.

District Court, E. D. New York.
June 28, 1933.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Alfred C. McKenzie, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for libelant.

Harold L. Cowin, of Brooklyn, N. Y., for claimant.

Alfred C. Bennett, of New York City (Paul Taylor, of counsel), for superintendent of insurance.

GALSTON, District Judge.

This is a motion for judgment in favor of the United States against Michael Santantonio and George S. Van Schaick, superintendent of insurance of the state of New York, as liquidator of the Greater City Surety & Indemnity Corporation, upon the bond filed herein for the release of the above named vessel.

On October 29, 1931, this libel was filed against the Greyhound for forfeiture for breach of the provisions of sections 4336 and 4377 of the Revised Statutes (46 USCA §§ 277, 325).

The yacht was licensed as a "pleasure vessel." On or about October 16, 1931, the collector of customs seized the yacht and her cargo consisting of thirty-seven barrels of Scotch malt in violation of the provisions of the Revised Statutes, §§ 4336 and 4377 (46 USCA §§ 277, 325).

Some time thereafter the vessel was released to the claimant, Michael Santantonio, upon the filing of a bond in the sum of $10,-000, pursuant to section 938 of the Revised Statutes (28 USCA § 751), with said Michael Santantonio, as principal, and the Greater City Surety & Indemnity Corporation, as surety.

On the 5th of April, 1933, the libelant moved for an order directing the claimant to furnish a new and adequate security pursuant to Rule 8 of the Admiralty Rules of the Supreme Court of the United States (28 USCA § 723). On May 29, 1933, an order was entered herein directing the claimant to file such new and additional security with leave to renew the motion for judgment on said bond if such new and additional security were not filed in the office of the clerk of the court within ten days from the date of the entry of this order. No such bond has been filed.

It further appears that on January 25, 1933, the Supreme Court of the state of New York entered an order directing the respondent, George S. Van Schaick, superintendent of insurance of the state of New York, to take possession of the property and liquidate the business and affairs of the Greater City Surety & Indemnity Corporation pursuant to the provisions of article 11 of the Insurance

Laws of the state of New York (Consol. Laws N. Y. c. 28). The superintendent of insurance, by virtue of said order, took possession of the property and assets and assumed the liabilities of the Greater City Surety & Indemnity Corporation and is now liquidating the affairs of the said surety company.

In consequence, the United States of America now seeks an order directing judgment in favor of the United States of America in the amount of the aforesaid bond against the principal, Michael Santantonio, and George S. Van Schaick, superintendent of insurance of the state of New York, as liquidator of the Greater City Surety & Indemnity Corporation.

The application is resisted on the ground that the corporation is dissolved and no judgment can be rendered against a dead corporation, and because the order of the Supreme Court of the state of New York restrains the bringing of any action against the corporation or its estate or the superintendent of insurance of the state of New York.

It appears that the respondent relies principally on Lion Bonding & Surety Company v. Karatz (Department of Trade & Commerce of the State of Nebraska et al. v. Hertz et al., as Receivers of Lion Bonding & Surety Company) 262 U. S. 77, 43 S. Ct. 480, 484, 67 L. Ed. 871. It is there said: "Where a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. Wabash R. R. Co. v. Adelbert College, 208 U. S. 38, 54, 28 S. Ct. 182, 52 L. Ed. 379. Compare Oklahoma v. Texas, 258 U. S. 574, 581, 42 S. Ct. 406, 66 L. Ed. 771. Possession of the res disables other courts of co-ordinate jurisdiction from exercising any power over it. Farmers' Loan & Trust Co. v. Lake Street Elevated R. R. Co., 177 U. S. 51, 61, 20 S. Ct. 564, 44 L. Ed. 667. The court which first acquired jurisdiction through possession of the property is vested, while it holds possession, with the power to hear and determine all controversies relating thereto. It has the right, while continuing to exercise its prior jurisdiction, to determine for itself how far it will permit any other court to interfere with such possession and jurisdiction. Palmer v.

Texas, 212 U. S. 118, 126, 129, 29 S. Ct. 230, 53 L. Ed. 435."

The difference between the case at bar and the case thus quoted is obvious. There is no conflict herein as to the possession of property vested in the superintendent of insurance. This action does not seek the possession of the res held by the superintendent of insurance. On the contrary, it seeks merely a judgment which would enable the United States of America in the liquidation proceedings to file a claim with the liquidator based on said judgment. In essence, the libelant is seeking to perfect its forfeiture proceeding.

The United States District Court has exclusive jurisdiction over all seizures under the laws of the United States and over all suits for penalties and forfeitures incurred under such laws. The state of New York can in no way limit such exclusive jurisdiction. The only proper forum for the adjudication of the claim of the United States of America upon this bond is the federal court and not the office of the superintendent of insurance of the state of New York. Title 28 U. S. C. § 41, subds. 1 and 9, 28 USCA § 41 (1, 9); § 371.

That no independent suit need be instituted against the surety company appears from the language of the bond itself: "And, it is further conditioned, that, if judgment passes against the claimant, as to the whole or any part of said Gas Yacht 'Greyhound,' and the claimant does not within twenty (20) days thereafter pay into the Court the amount of the appraised value of such Gas Yacht 'Greyhound,' or such sum as the Court may decree, with costs, judgment shall be granted on this bond, on motion in open Court, without further delay."

Finally, in respect to the practice governing the furnishing of better security, attention is called to rule 10 of the Admiralty Rules of this Court, which provides: "10. Stipulation, Better Security on: Any party having an interest in the subject matter of the suit may at any time on two days' notice, move the Court on special cause shown for greater or better security; and any order made thereon may be enforced by attachment, or otherwise."

The motion is granted. Settle order on notice.