Clower, Sewell & Bezoni and McEntire, James & Shank, all of Tyler, and James Young, of Henderson, for appellants.

Kilgore & Rogers, of Wichita Falls, Cary M. Abney, of Marshall, T. A. Bath, of Henderson, and M. M. O'Banion, of Marshall, for appellee.

HALL, Justice.

In October, 1933, appellants filed suit in the district court of Rusk county in form of trespass to try title against appellee and others for title and possession of a strip of land containing about 8 acres. No citations were caused to issue on the original petition. In April, 1934, Samp Stone, one of defendants in said suit, filed his answer and cross-action in which he named all the plaintiffs, appellee Bridwell, and other necessary parties, as cross-defendants, and caused citation to issue to them.

The cause was then tried in the district court and resulted in judgment against ap-

## MOORE et al. v. BRIDWELL.

### No. 5145.

Court of Civil Appeals of Texas. Texarkana.

Oct. 6, 1937.

Rehearing Denied Oct. 14, 1937.

pellants, and on appeal to the Court of Civil Appeals, Moore v. Stone, 83 S.W.2d 449, the judgment was affirmed, and writ of error to the Supreme Court was dismissed. Before the suit above referred to, hereinafter called "original suit," was filed, appellee made application to the Railroad Commission for permit to drill a well on the 8-acre strip of land; he having a lease thereto from Samp Stone. This application was resisted by appellants, and before it was acted upon by the Railroad Commission the original suit was filed. And the trial court in its findings of fact in this suit states that the filing by the appellants of the original suit resulted in appellee's permit to drill a well on the 8-acre strip being denied. Some time after the filing of the answer and cross-action by Samp Stone in the original suit and before the trial of same, Samp Stone, as the alleged owner in fee of the 8-acre strip, made application to the district court of Rusk county for appointment of a receiver to develop said strip of land for oil. A receiver was appointed by said court over the protest of appellants, who were also claiming title to said land, and appellee who was lessee under Samp Stone. The receiver, under orders of the court, drilled and equipped two oil wells on the strip of land in controversy.

After the original suit was disposed of in the appellate courts, the receiver made application to the district court for certain fees due him as receiver for administering the property during receivership, and for discharge. The receiver's attorneys also made application for a fee for legal services rendered said receiver. After a hearing, the district court awarded the receiver $2,000 for his services, and the receiver's attorneys $1,250 for their services. These fees, aggregating $3,250, together with incidental court costs of the receivership, were ordered paid by the receiver from funds in his hands belonging to the receivership; but appellee, to whom the 8 acres containing the two oil wells was delivered by the receiver, was given judgment over and against appellants for the sum of $3,-250, and the court costs incident to the receivership. From this action of the trial court in taxing these amounts of money against appellants, they have appealed to this court.

■ The controlling question in this case is: Did the trial court abuse its discretion in taxing as costs against the appellants the fees allowed the receiver and his attorneys for their services, and the court costs incident to the receivership? It is contended by appellee that appellants brought about the condition which made the appointment of a receiver necessary by filing their original suit against appellee and Stone for title and possession of the 8-acre tract of land. We are unable to see anything inherently wrong in the act of appellants in bringing the original suit. If they had a bona fide claim to the 8-acre tract of land, they were justified in contesting by all legal means appellee's application to drill oil wells thereon; and the fact that they failed to cause citation to issue to opposing parties in the original suit would, at most, be but a circumstance affecting the bona fides of their claim, which circumstance is overcome by the finding of the trial court to the effect that after citation was issued by Stone on his cross-action, appellants in good faith prosecuted their suit, and the further fact, as shown by the record, that they did in fact prosecute their suit in the district court and in the Court of Civil Appeals, and made application for writ of error, which was dismissed. This leads us to the conclusion that the appellants, by instituting the original suit and contesting the granting of drilling permits, did no wrongful act which brought about or rendered necessary the appointment of a receiver. Not only did they do no wrongful act to bring about the appointment of the receiver, but the trial court found as a fact that they resisted said appointment. In the case of Palmer v. State of Texas, 212 U.S. 118, 29 S.Ct. 230, 235, 53 L.Ed. 435, by the Supreme Court of the United States, Palmer, who was a stockholder in the Waters-Pierce Oil Company, made application to the federal District Court for the Eastern District of Texas for the appointment of a receiver of the properties of the Waters-Pierce Oil Company, and a receiver was appointed by said court. Some time before this application was made by Palmer, a receiver of the property of the same corporation had been appointed by the district court of Travis county, Tex., which order had been suspended by the appellate courts of Texas pending appeal. On appeal to the United States Circuit Court of Appeals by the state of Texas, the receiver appointed by the federal District Court was discharged, the receivership vacated, and the costs of said receivership were adjudged against Palmer. In reversing the Circuit Court of Appeals, for so adjudging the costs of the federal receivership against Palmer, the Supreme Court of the

United States stated: "We think the circuit court of appeals was right in reversing the order of the circuit court in appointing a receiver. In that court the costs of the receivership were assessed against Palmer, the original complainant. The receivership has gone on pending the proceedings upon appeal, and we are of opinion that *justice will be done if the costs of the receivership are paid out of the fund realized in the Federal court, and it is so ordered."* (Italics ours.)

To our minds the above case presents a stronger state of facts against Palmer than the case at bar presents against appellants. Palmer was the moving cause of the wrongful federal receivership, while the undisputed facts show that appellants in this case resisted the appointment of the receiver. In Clark on Receivers, volume 1, § 641, p. 879, it is said: "The just rule and that rule generally adopted by the courts is that property which is benefitted by the receivership should bear its share of the cost and expenses of the receivership including receiver's fees. If property is placed in the hands of a receiver and is preserved or otherwise acted upon for the benefit of the general creditors, they should pay the receivership expenses, including the receiver's fees."

Unquestionably the receivership resulted in great benefits to appellee. At the conclusion of this suit in the lower court, the receiver turned over to him two producing oil wells completely equipped. True, there was some indebtedness outstanding for drilling and equipping said wells, but appellee, had he drilled the wells himself, would have had to pay the costs thereof. The receiver alleged that the cost of drilling same by him was reasonable. On the other hand, the appellants received no benefit at all from the receivership. In the original suit for title to the land, the judgment of the district court, as well as that of the Court of Civil Appeals (writ of error denied by the Supreme Court), was against them.

The argument is made by appellee that appellants should have impleaded Samp Stone, the party at whose instance the receiver was appointed. We do not agree with this argument. It was as much the duty of appellee as it was of appellants to bring Stone into this action; but aside from whose duty it was to implead Stone, it is clear that it was not the duty of Stone to drill oil wells on this property. He had leased the land to appellee, Bridwell, for that purpose, and it was Bridwell's duty to drill and complete oil wells on this land free of cost to Stone. Moreover, the benefits to Stone derived from the acts of receiver in drilling the oil wells and connecting them to a pipe line was only one-eighth of the oil, while the benefit accruing to Bridwell from said receivership was seven-eighths thereof. Under a lease contract Bridwell was obligated to drill oil wells on the land in controversy; Stone was not.

Appellee's third counter proposition is: "When plaintiffs appealed from the original judgment on the merits, they failed to perfect such appeal as to the defendant Bridwell, and such original judgment awarding Bridwell recovery of all his costs became final. Therefore, after the return of the mandate from the appellate court on motion to tax as costs the expense of receivership, Bridwell's plea of res adjudicata as to such costs was a bar to any order taxing him with any such costs and all such costs could only be taxed against parties who were parties to the original appeal."

We do not agree with this proposition. The costs of receivership, including his fees and his attorney fees, were certainly not before the trial court when he entered the judgment in the original suit. The receivership was continued in effect until the original case was finally passed on by the Supreme Court. Certainly it cannot be said that the trial court intended by its judgment in the original suit, wherein it awarded the costs against these appellants, to include in said award the costs of receivership, the fee allowed the receiver for his services, and the fee allowed the attorneys for the receiver. Therefore, we are of the opinion that the trial court committed error in taxing as costs against these appellants the costs of the receivership, the receivership fees, and the receiver's attorney fees.

For the reasons indicated above, the judgment of the trial court in this respect is reversed, and judgment is here rendered for appellants.