**HUTCHINS v. PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA et al.**

No. 8709.

Circuit Court of Appeals, Ninth Circuit.
May 19, 1938.

Neblett, Warner & Jones and A. H. McCurdy, all of Los Angeles, Cal., for appellant.

U. S. Webb, Atty. Gen., of California, John L. Nourse, Deputy Atty. Gen., and Shepard Mitchell and Guy Knupp, both of Los Angeles, Cal., for appellee Samuel L. Carpenter, Jr., etc.

Eugene Overton, Donald H. Ford, Asa V. Call, and John N. Cramer, all of Los Angeles, Cal., for appellee Pacific Mut. Life Ins. Co. et al.

Before WILBUR, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant, a citizen of Texas, filed a stockholder's bill in equity against the appellee insurance companies, both of which are California corporations, and their directors. Samuel L. Carpenter, Jr., insurance commissioner of the State of California, was also named as a defendant.

On motion of appellees the trial court ordered a dismissal. Appellant thereupon moved for leave to amend, attaching to her motion a proposed amended bill. Leave was denied and a formal order of dismissal entered on the ground of the "failure of said bill to state facts warranting this court to assume jurisdiction of the subject matter thereof."

In substance, the allegations of the original bill are as follows: In 1935 Carpenter was appointed insurance commissioner of the State of California, and his appointment confirmed by the Senate, but he was at the time ineligible to the office and is an interloper without authority. The grounds of the asserted ineligibility are set out. Carpenter, purporting to act as such insurance commissioner, on July 22, 1936, filed an action in the Superior Court of the State of California for Los Angeles County, asking that he be appointed conservator of the Pacific Mutual Life Insurance Company of California. That company appeared, admitted insolvency and consented to the relief prayed for in Carpenter's petition. The petition was presented to Judge Edmonds of the Superior Court who, although disqualified because of ownership of a participating life policy in the company, acted in the matter and appointed Carpenter as conservator, the order vesting in the latter the title to all the assets of the company.

It is alleged that immediately thereafter Carpenter was appointed liquidator of the company. A plan of reorganization proposed by Carpenter was approved by Judge Edmonds, acting therein without authority of law. The plan proposed the organization of a new corporation called Pacific Mutual Life Insurance Company. Pursuant to it, and purporting to act as insurance commissioner, Carpenter granted to the new corporation a permit authorizing it to issue all its stock to himself as liquidator. With the approval of the court, Carpenter, as liquidator, conveyed to the new company all the assets of the old, the directors of the new concern accepting the conveyance and wrongfully undertaking to continue the business. It is averred that subsequent proceedings were had in the Superior Court before Judge Willis by which the latter attempted to confirm, by a final order made on December 4, 1936, nunc pro tunc, the proceedings theretofore had before Judge Edmonds. There is an averment that an appeal by certain policyholders was taken from this order and that such appeal is pending in the Supreme Court of the state.

The bill concluded with a prayer for the recovery of the assets of the old company, and it is asked that, pending the trial, a receiver be appointed to hold and conserve the assets and to administer the same, if necessary, for the benefit of all concerned.

The proposed amended bill repeats in substance the allegations of the original, and on information and belief alleges that the various acts taken and things done were in pursuit of a conspiracy between Carpenter and certain directors of the Pacific Mutual Life Insurance Company of California whereby these parties would perpetuate themselves in the control of the new company at the expense of the shareholders, policyholders, and creditors of the old. It is alleged that the Pacific Mutual was not insolvent or in such condition that its further transaction of business would have been hazardous to its policyholders, and that the decree of the Superior Court in that respect was obtained by deception. The prayer for relief is substantially the same as that of the original bill.

We take judicial notice[1] of the fact that the Supreme Court of California, in Carpenter, Commissioner, v. Pacific Mutual

---

[1] Judith Basin Land Co. v. Fergus County, 9 Cir., 50 F.2d 792.

Life Insurance Company et al., 74 P.2d 761, has affirmed the order of the Superior Court of December 4, 1936, referred to above. In its decision that court held that the disqualification of Judge Edmonds induced no infirmity in any of the subsequent proceedings, and that the latter were not dependent for their validity on any order made by the disqualified judge. It determined that the proceedings, special in their nature, were had in conformity with the provisions of sections 1010 to 1061 of the Insurance Code of the state, St.Cal.1935, pp. 540–553, dealing with the rehabilitation and liquidation of insurance companies; and that these statutes are not vulnerable to attack on constitutional grounds.

Briefly summarized, these statutes provide for the filing by the commissioner with the superior court of a petition for appointment as conservator whenever, among other things, an examination discloses that an insurance company is in such condition that its further transaction of business would be hazardous to its policyholders, its creditors, or the public. The court is empowered to issue its order vesting the commissioner with title to all the assets of the company and directing him to conduct its business. The order is to remain in force until it shall appear to the court that the company can properly resume the conduct of its affairs. Summary power of seizure is given the commissioner without notice or prior court order, but he is required immediately after a summary seizure to institute proceedings in the court. If the commissioner finds that conservation efforts would be futile he may apply for a liquidation order. The court may issue restraining orders in aid of its jurisdiction, and wide powers are conferred on the commissioner as conservator or liquidator. Subject to the approval of the court, the commissioner, either as conservator or as liquidator, may mutualize or reinsure the business of the company or enter into rehabilitation agreements. In all proceedings under the provisions of the code the commissioner acts as trustee for the benefit of creditors and other interested parties.

■ Long prior to the institution of the present action the local court, under authority of these statutes, had assumed jurisdiction over the business and assets of the insurance company here involved. That situation appearing on the face of the original and proposed amended bills, the order of dismissal entered below was proper and must be affirmed. It is settled law that where a state and a Federal court both have concurrent jurisdiction in suits in rem or quasi in rem, the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other. Taylor v. Carryl, 20 How. 583, 15 L.Ed. 1028; Freeman v. Howe, 24 How. 450, 16 L.Ed. 749; Buck v. Colbath, 3 Wall. 334, 18 L.Ed. 257; Wabash R. Co. v. Adelbert College, 208 U.S. 38, 28 S.Ct. 182, 52 L.Ed. 379; Palmer v. Texas, 212 U.S. 118, 29 S.Ct. 230, 53 L.Ed. 435; Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871; Penn General Cas. Co. v. Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850; United States v. Bank of New York, 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331.

■ Having acquired possession of the res by appropriate action, the state court drew to itself the power to deetermine, subject to review on appeal or certiorari,[2] all questions germane to the proceeding. As said in Lion Bonding & Surety Co. v. Karatz, supra (page 485), "If the legality of the state court's action was to be questioned, it could be done only by laying the proper foundation through appropriate proceedings in that court." The way was open to appellant, by intervention in the state court, to be heard on all matters sought to be litigated here. These questions have been as effectually withdrawn from the jurisdiction of the lower Federal courts as has the property of the insurance company itself.

■ In resisting the motion for leave to amend, the appellees presented a number of affidavits. One of these contained excerpts from the petition of the commissioner filed in the state court. It was contended on the argument that these excerpts disclose lack of jurisdiction in the state court to proceed. Without discussion of the point, it is enough to say that neither in the original nor in the proposed amended bill were any facts alleged disclosing lack of jurisdiction in the state tribunal, and the sufficiency of appellant's pleading was to be determined without reference to the contents of affidavits presented for another purpose. It should be pointed out, however, that the Supreme Court of the state has

---

[2] The United States Supreme Court has granted certiorari in the state court action.

determined that the proceedings were in conformity with the statute.

Judgment affirmed.