14

**TERRELL et al. v. GARY.** *
No. 8768.

Circuit Court of Appeals, Fifth Circuit.
July 11, 1938.

William McCraw, Atty. Gen. of Texas, and W. J. Holt, Marvin Trevathan, William C. Davis, and Charles M. Kennedy, Asst. Attys. Gen. of Texas, for appellants.

A. B. Culbertson and Cecil A. Morgan, both of Fort Worth, Tex., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Appellee brought this suit against the members of the Railroad Commission of Texas, its chief enforcement officer, the Attorney General of Texas, and the District Attorney of Gregg County, praying for a mandatory injunction to compel the Railroad Commission to grant him a tender or permit authorizing him to sell and transport 32,000 barrels of waste and fugitive oil then in storage; and to enjoin the Attorney General and others from instituting any character of suit, civil or criminal, for any purpose, against him with reference to the possession, finding and transportation of said oil.

The bill is lengthy but in substance it alleges that appellee operates a reclamation plant located near Gladewater, Texas, with traps and tanks along branches and creeks in and near that city, for the purpose of catching fugitive and waste oil; that a total of 32,000 barrels of such oil had been trapped by him which he had on hand, located in storage tanks at his plant; that he had applied to the Railroad Commission for tenders to dispose of and transport said oil and that same had been denied for various reasons, which are set out in full; that the refusal of the tenders was arbitrary, unreasonable and illegal.

*Rehearing denied Sept. 20, 1938.

The original bill was filed in the federal court on February 6, 1937. On February 17, 1937, the state of Texas, through its Attorney General, filed a suit in rem against the oil held in storage by appellee and against him and others, as well as unknown owners and claimants, to forfeit the oil to the state as having been illegally produced and praying for a receiver to take it into custody. A receiver was appointed by the state court the day the suit was filed.

On February 24, 1937, appellee filed an application in the federal court for the appointment of a receiver for the oil, alleging that while the Railroad Commission denied permission to move the oil, the Game, Fish and Oyster Commission of Texas had ordered him to do so under threat of criminal prosecution and a receiver was necessary to protect him during the pendency of this suit. This application did not mention the appointment of a receiver by the state court. The same day a receiver was appointed. By subsequent proceedings the state court receiver was made a party in this suit.

On December 6, 1937, a decree was entered by the federal court ordering its receiver to sell all the oil as described in plaintiff's original bill of complaint, to the highest bidder for cash, at private sale, and to distribute the proceeds according to further provisions of the decree; and permanently enjoining the defendants and the state court receiver from prosecuting or attempting to prosecute, either through civil or criminal action, plaintiff or the federal receiver for the possession, disposition, sale or transportation and delivery of the oil described in the bill of complaint. This appeal is from that decree.

■■■ Since the whole case is before us for final disposition it is unnecessary to discuss the assignments of error in detail. There is no doubt the federal court had jurisdiction to entertain the suit on the ground that it presented a federal question and the amount in controversy exceeded $3,000, exclusive of interest and costs. It appears from the record that the tenders were refused on a number of grounds, only two of which need be noticed. (1) That plaintiff did not have in his possession 32,-000 barrels of oil but in fact the maximum amount he had was not over 14,000 barrels. (2) That he had not applied for or been granted a permit to engage in the business of salvaging and dealing in waste and fugitive oil as required by the law of Texas. Plaintiff in his own testimony admitted that he did not have more than 14,000 barrels of oil and that he had not applied for or received a permit. There is no doubt that under the latest decision of the Supreme Court of Texas, which we are obliged to follow, Railroad Commission of Texas v. Beaver Reclamation Oil Co., 117 S.W.2d 52, decided June 1, 1938, not yet reported [in State report], petitioner was not entitled to the tenders applied for and had no cause of action to compel their issuance or prevent the railroad commission from instituting further proceedings against him.

■■■ It also appears conclusively that the federal receiver was without authority to take possession of the oil. The original bill alleged no grounds for the appointment of a receiver and did not pray for that relief. The suit in the state court to condemn and forfeit the oil was a legal proceeding under the law of Texas and was filed before the application for a receiver was filed in the federal court. The pendency of the suit at bar did not prevent its prosecution. The point is made that the suit in the federal court was in personam and the suit in the state court was in rem. That is immaterial in respect of the possession of the res. With the filing of the suit in the state court and the appointment of a receiver therein, custody and possession of the oil forming the basis of this suit passed into the state court, and thereafter the federal court was without jurisdiction, by the appointment of a receiver or otherwise, to oust the possession of the state court and dispose of the property while that suit was pending. Farmers' Loan & Trust Co. v. Lake Street Elevated Railroad Co., 177 U.S. 51, 20 S.Ct. 564, 44 L.Ed. 667; Palmer v. Texas, 212 U.S. 118, 29 S.Ct. 230, 53 L. Ed. 435; Kline v. Burke Const. Co., 260 U. S. 226, 229, 43 S.Ct. 79, 81, 67 L.Ed. 226, 24 A.L.R. 1077; Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850.

The judgment is reversed and the cause remanded with instructions to recall the appointment of a receiver and to dismiss the bill. Costs to be taxed against appellee.

HOLMES, Circuit Judge (specially concurring).

I concur, except in that part of the opinion which states that it is immaterial in respect of the possession of the res wheth-

er the suit in the federal court was in personam. Instead of being immaterial, I think this is a substantial ground for our decision holding that the state court first acquired jurisdiction of the res.