**William E. BROCK, Secretary of Labor, United States Department of Labor, Petitioner,**

v.

**Kenneth F. PACKER, President, Packer Engineering Associates, Inc., Agent of Harold Schmeilski, Fire Marshal, Office of the Fire Marshal, State of Illinois and Harold Schmeilski, Fire Marshal, Office of the Fire Marshal, State of Illinois, Respondents.**

**Civ. A. No. 85 C 5635.**

United States District Court,
N.D. Illinois, E.D.

Aug. 6, 1985.

Edward J. Moran, Asst. U.S. Atty., Anton Valukas, U.S. Atty., Chicago, Ill., for petitioner.

William J. White, Lord, Bissell & Brook, Chicago, Ill., for respondents.

## MEMORANDUM OPINION AND ORDER

PRENTICE H. MARSHALL, District Judge.

This cause is before the Court on petitioner's Rule 59 motion to amend the June 28, 1985 order of this court denying petitioner's petition to enforce federal administrative subpoenas duces tecum issued pursuant to Section 8(b) of the Occupational Safety and Health Act of 1970 (29 U.S.C. 657(b)) to respondent State Fire Marshal and respondent Packer. For the following reasons, petitioner's motion to amend is granted and petitioner's subpoenas duces tecum are herein enforced by this court.

Petitioner is conducting a continuing inspection and investigation of a July 23, 1984 catastrophe which occurred at the workplace of the Union Oil Company of California (hereinafter "Union Oil") located in Romeoville, Illinois. An amine absorber tower, vessel identified as NO. 12 D 701, owned and operated by Union Oil, was a pressure vessel located at the Union Oil workplace. On July 23, 1984, the vessel ruptured catastrophically resulting in the

release of propane and butane onto and around the worksite. These combustibles ignited causing fires and explosions. The fires and explosions that occurred resulted in multiple deaths and serious injuries to employees employed at the workplace.

Pursuant to Section 8(a) of the Occupational Safety and Health Act, petitioner initiated an inspection and investigation of this incident for the purpose of determining whether said incident occurred as a result of Union Oil's failure to comply with the Act and the occupational safety and health standards promulgated pursuant to the Act.

The State of Illinois, through the Office of the State Fire Marshal, also initiated an investigation of this incident to determine whether the incident had occurred as a result of Union Oil's violation of laws of the State of Illinois. On July 28, 1984, respondent State Fire Marshal issued an administrative search warrant for the seizure of the vessel as "evidence relative to the cause and origin of the fire and explosion at the Union Oil Refinery in Romeoville, Illinois ... for inspection and testing purposes if necessary." Respondent State Fire Marshal thereafter designated respondent Packer as its agent for purpose of such inspection and testing.

Petitioner appeared before the Circuit Court of Will County, Illinois at a hearing regarding enforcement of the State Fire Marshal's administrative search warrant. Union Oil also appeared at the hearing and there consented to the seizure of the vessel by respondent State Fire Marshal and delivery of said vessel to respondent Packer. Petitioner entered into an agreement with representatives of respondent State Fire Marshal and Union Oil before the Will County Court relating to the seizure and testing of the vessel by respondent State Fire Marshal therein specifically retaining the full right to exercise his statutory rights under the Occupational Safety and Health Act before the United States District Court should such ever become necessary. Some time thereafter, petitioner was advised by respondent State Fire Marshal that it did not intend to perform any additional testing of the seized property.

Thereafter, petitioner promptly issued to respondents, pursuant to Section 8(b) of the Act, federal administrative subpoenas duces tecum for the production of sections of said vessel for destructive and non-destructive testing. Petitioner designated as its agent for testing, the National Bureau of Standards, United States Department of Commerce. The National Bureau of Standards, consistent with its statutory function, purpose and authority (15 U.S.C. Section 271, *et seq.*) is authorized to provide advisory services to governmental agencies on scientific and technical problems, including metallurgical research, the study of alloy steels and light metal alloys, the prevention of corrosion of metals and alloys, and the development of standards for metals. (15 U.S.C. Sections 272(e), 272(f)(16)).

Petitioner, pursuant to Section 8(b) of the Act, seeks enforcement of the federal administrative subpoenas by this court. Union Oil, along with certain other parties involved in the private litigation in the Illinois state courts, were granted the right to intervene in this action. Intervenor Union Oil and respondent Packer have opposed enforcement of petitioner's subpoenas. Intervenor Union Oil argues that the Occupational Safety and Health Act does not authorize the issuance by petitioner of administrative subpoenas calling for the production and seizure of private property for the purposes of performing destructive and non-destructive testing. Respondent Packer argued that enforcement of the subpoenas would subject it to contempt due to possible conflicting state and federal court orders relating to the subject property.

This Court, on June 28, 1985, found petitioner's administrative subpoenas to be valid, however, denied enforcement of petitioner's subpoenas under the doctrine of comity to the prior existence of in rem jurisdiction over the property by the state court in Will County, Illinois. Proceedings thereafter had before the Will County court have removed this obstacle from enforcement of petitioner's otherwise valid administrative subpoenas. On July 1, 1985, the Will County court exercised its jurisdictional "right to determine ... how far it would permit any other court to interfere

with such possession and jurisdiction" over the subject property and determined that this Court's enforcement of petitioner's subpoenas would not interfere with the State processes and modified its prior order to accommodate enforcement by this court. *Palmer v. Texas,* 212 U.S. 118, 29 S.Ct. 230, 232, 53 L.Ed. 435 (1909).

For the foregoing reasons, this court amends its Order of June 28, 1985 and herein orders enforcement of petitioner's federal administrative subpoenas duces tecum. This court reaffirms its finding of June 28, 1985 that petitioner's subpoenas are valid. The subpoenas seek production of relevant evidence, were lawfully issued, and the subject matter of the subpoenas fall clearly within the jurisdiction and authority granted to petitioner by Congress. Further, said subpoenas meet the specific criteria necessary for district court enforcement and are not oppressive in any way. *United States v. Morton Salt Co.,* 338 U.S. 632, 652, 70 S.Ct. 357, 359, 94 L.Ed. 401 (1960).