**D. H. ZACHMAN et al.**
v.
**C. B. ERWIN et al.**
**Civ. A. 927.**

United States District Court
S. D. Texas, Brownsville Division.
Sept. 19, 1955.

Smith & McIlheran, Weslaco, Tex., for plaintiffs.

Raymond, Algee, Alvarado, Kazen & Woods, Laredo, Tex., for defendant Wm. T. Moore.

Arthur A. Klein, Harlingen, Tex., and McGowan, Godfrey, Logan & Decker, Fort Worth, Tex., for defendant W. J. Noad.

Jack Wiech, Brownsville, Tex., Hornsby & Kirk, Austin, Tex., and Brunbridge, Fountain, Elliott & Bateman, Dallas, Tex., for defendant L. W. Blanchard.

Muckelroy McDonald, San Antonio, Tex., for defendant S. N. Heath.

Marvin Schulman, Houston, Tex., for defendant Stokes.

Gibson, Klein & Ferrero, Harlingen, Tex., for defendant M. L. Cudd.

Hubert W. Green, San Antonio, Tex., for defendants C. B. Erwin, Dow S. Robinson, H. L. Glosserman, R. B. and George Cowden, D. J. Schwarz, Harold L. Burke, W. O. Erwin, M. L. Hendricks, John J. Burris, S. N. Heath, H. J. Phillips, Southwest Inv. Co., Inc., Gen. Securities, Inc., and Republic Nat. Bank of Dallas.

Josh H. Groce, San Antonio, Tex., for J. D. Wheeler, Receiver, General American Cas. Co.

Carrignton, Gowan, Johnson, Walker & Bromberg, Dallas, Tex., and Cox, Wagner, Adams & Wilson, Brownsville, Tex., for defendants James E. Dunne and Charles D. Dunne.

George E. Bradfield, San Antonio, Tex., for defendant L. H. Odom.

John D. Raffaelli, Texarkana, Tex., for defendant Doug Stevens.

Richard S. Brooks, Midland, Tex., for defendant Allen Cowden.

McCormick, Brannum, Cason & Jennings, Midland, Tex., and Cox, Patterson & Freeland and Thomas J. Walsh, McAllen, Tex., for defendants Bennie Sue Thomas, Len D. McCormick and H. J. Phillips.

Al J. Klein and Stahl & Sohn, San Antonio, Tex., for defendant J. L. Wright.

Thompson, Coe & Cousins, Dallas, Tex., amicus curiae in relation to defendants L. W. Blanchard and W. N. Noad.

KENNERLY, District Judge.

D. H. Zachman and several other persons, all of whom except one are alleged to be residents of Texas, and all of whom

are, for brevity, collectively called "Plaintiffs", bring this suit against J. D. Wheeler, Receiver of the General American Casualty Company under appointment of the District Court of Travis County, Texas. He is, for brevity, called "'Receiver". Also against C. B. Erwin and a large number of other persons and corporations all of whom except three are alleged to be residents of Texas, and all of whom are, for brevity, collectively called "Defendants".

Plaintiffs claim jurisdiction here under the "Securities Act of 1933", Sections 77a and 77bbb, of Title 15, U.S. C.A., and also claim this to be a class suit in that they say that other persons not parties to the suit are situated similarly to Plaintiffs "because of the common questions of law and facts involved", etc.

Such Receiver and several other Defendants have filed Motions to Dismiss, but it is believed that the disposition of the Receiver's Motion will simplify the later consideration and disposition of the other Motions. This is a hearing under Local District Court Rule 25 of such Motion of the Receiver.

The Record shows the following:

(a) All of the affairs, properties and assets of the General American Casualty Company, an insolvent Texas corporation, were by the District Court of Travis County, Texas, (for brevity called "State Court") in cause No. 98764, State of Texas v. General American Casualty Company, placed in the custody and control of that Court's Receiver, J. D. Wheeler, on the *6th day of July, 1954.*

This suit was filed by Plaintiffs herein against Defendants herein on *December 1, 1954.* Copy of the Decree or Order of the State Court is attached to the Receiver's Motion.

(b) This suit arises by reason of and in connection with alleged activities of certain persons with respect to the General American Casualty Company prior to such receivership. Plaintiffs allege that they were induced by the false, fraudulent and misleading statements, representations and conduct of Defendants, or some of them, to purchase, and that they did purchase, "securities in the form of stocks and bonds or both" of Alamo Casualty Company, General Lloyds Fire & Casualty, "or their successor company, General American Casualty Company", and they complain of losses and damages resulting from such purchases. And in connection with such purchases they allege that they made certain cash payments of money and made, executed and delivered to Defendants, or some of them, certain of their securities, i. e. notes or other obligations secured by mortgage liens, deeds of trust, etc.[1] A memorandum of such transactions and of such securities is stated to be shown by Exhibits "A" to "M", attached to Plaintiffs' Complaint.

(c) Plaintiffs allege that in connection with and by reason of such transactions Plaintiffs have suffered heavy losses and that they are entitled to recover damages and to have cancelled and/or receive back the securities so executed and delivered and cash paid by them.

---

1. Paragraph III of Plaintiffs' Complaint is as follows:

"Plaintiffs each complain of damages resulting from their purchase of securities in the form of stocks or bonds, or both, of Alamo Casualty Company, General Lloyds Fire and Casualty Company, or their successor company, General American Casualty Company, which latter company was organized on or about June 1, 1952, and assumed the assets and liabilities of the former two companies. Plaintiffs each complain that they were induced to purchase such securities because they were deceived as to the true facts by false and misleading oral and written communications regarding material facts made to them by Agents, salesmen, brokers, or persons controlled by or acting in concert with the controlling or satellite defendants, and that the U. S. mails were used in connection with such selling operation in violation of Section 77*l*(2) of said Securities Act. The details of the separate transactions of the separate plaintiffs herein are given in Exhibits 'A' through 'M', which exhibits are attached hereto and made a part hereof for all purposes, as if copied in the body of this complaint.

Their prayer makes clear their demands and I quote same:

"Wherefore, premises considered, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final hearing Plaintiffs each have judgment cancelling all contracts for purchase of securities from Defendants, as specified in the exhibits attached hereto, ordering the Defendants possessing same to return to Plaintiffs their notes, deeds of trust, and bond purchase contracts, together with a recordable release of all liens created by such papers, and granting each Plaintiff, according to his damage as indicated by the exhibits attached hereto, a judgment against all 'Controlling Defendants' and 'Satellite Defendants', jointly and severally, ordering the return to each Plaintiff of the cash or other valuable thing delivered to Defendants in exchange for the securities so purchased, together with interest and costs of court, as authorized by the Securities Act of 1933."

1. Paragraphs 2 and 3 of the Receiver's Motion clearly state one of his contentions:

"2. All of the assets of the General American Casualty Company are in Custodial Legis in the State Court; and this suit, as shown on the face of the Complaint, seeks to interfere with the possession and control of assets which are in the exclusive possession of the State Court; and this court is asked to direct the actions of an officer of the State Court in connection with some of the assets of the receivership estate.

"3. In the exercise of its discretion, and in deference to the rules of comity between courts, this court should refuse to entertain jurisdiction of a suit which interferes with the liquidation through receivership of an insolvent Texas insurance company under a special liquidation statute of the State of Texas."

That the securities sued for by Plaintiffs are in the possession of such Receiver is set forth in Plaintiffs' Complaint [2] and is shown by the exhibits attached thereto. Then too, Plaintiffs are seeking to recover from such Receiver title and/or possession of all the securities for which they sue whether they are in the manual possession of the Receiver or of some other person.

■ So situated, Plaintiffs must litigate their claim to recover such securities from such Receiver in the court in which such receivership is pending, or obtain permission from that court to litigate such matter here. Farmers' Loan & Trust Co. of New York v. Lake Street Elevated Railroad Co., 177 U.S. 51, 20 S.Ct. 564, 44 L.Ed. 667; Porter v. Sabin, 149 U.S. 473, 13 S.Ct. 1008, 37 L.Ed. 815; Penn General Casualty Co. v. Commonwealth, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850, and cases which precede and follow:

■ 2. The foregoing being true, and it appearing from Plaintiffs' Complaint that their cause of action for such securities and the cause of action for damages, etc., arise out of the same transactions, and that they are intermingled and inseparable and must be litigated and prosecuted together, Plaintiffs must litigate both of such causes of action in the court where such receivership

---

2. Part of Paragraph V of Plaintiffs' Complaint is as follows:

"Defendant J. D. Wheeler was, on or about June 17, 1954, appointed permanent Receiver of General American Casualty Company, by order of the 126th District Court of Travis County, Texas, in Cause No. 98764, styled The State of Texas v. General American Casualty Company, being in the nature of a liquidation of said company as an insolvent, under the provisions of the Texas Insurance Code. *Such receiver has in his possession certain of the notes of plaintiffs, as appears from the attached exhibits, and also stands in the place of the insolvent corporation, General American Casualty Company,* and because of such capacity or capacities, is a necessary party to this action."

is pending or obtain permission from that court to litigate both matters here.

3. It must be assumed that the Receiver speaks for the court appointing him when he says in his Motion to Dismiss:

"1. The cause of action herein asserted by certain stockholders, bondholders and investors, and particularly wherein it alleges that this is a class suit brought for the benefit of all persons similarly situated against the defendants, some of whom are directors and officers of the defunct General American Casualty Company, for conspiracy to defraud, is an asset 'which' is in the sole and exclusive possession and control of the State Court, and any such suit on behalf of the stockholders, bondholders and investors should properly be brought by the Receiver for the benefit of all stockholders, bondholders and investors."

Also, that the Receiver speaks for the court appointing him when he makes the same statement in his brief.

In other words, it appears that the State Court is asserting that the Receiver owns and holds for the benefit of "stockholders, bondholders and investors" the cause of action for damages, etc., which Plaintiffs are asserting here and that same is an asset in the hands of its Receiver and in the custody of and being administered by that Court. Plaintiffs must, therefore, litigate in the court in which such receivership is pending the question of whether Plaintiffs or such Receiver own such cause of action, or Plaintiffs must obtain permission from that Court to litigate the matter here.

Endless confusion and conflicts in the enforcement of orders and decrees would result if this court undertook to decide as to the ownership of such cause of action.

4. Proceedings here should and will be stayed until December 1, 1955, to permit Plaintiffs (and also Intervenor-Plaintiffs similarly situated) to comply with this ruling. Decision of other motions will, unless otherwise ordered, await the outcome of that matter.

Let an order be drawn and presented accordingly.