**D. H. ZACHMAN et al., Plaintiffs,**

v.

**C. B. ERWIN et al., Defendants.**

**Civ. A. No. 927.**

United States District Court,
S. D. Texas,
Brownsville Division.

Dec. 31, 1959.

See also 142 F.Supp. 745; 186 F. Supp. 691.

defendants D. J. Schwarz, R. B. Cowden, George Cowden, and H. J. Phillips.

Hornsby & Kirk, Austin, Tex., Brundidge, Fountain, Elliott & Bateman, Dallas, Tex., Jack Wiech, Brownsville, Tex., and Yarborough, Brigman, Talley & Lucas, Fred C. Brigman, Jr., Houston, Tex., for defendant L. W. Blanchard.

Lauderdale & Bowe, John W. Bowe, Mercedes, Tex., for defendant George Link, Sr.

Cecil C. Rotsch, Gen. Counsel, State Bd. of Insurance and Harold G. Kennedy, Counsel, State Bd. of Insurance, Austin, Tex., for defendant C. H. Langdeau, receiver of General American Cas. Co.

INGRAHAM, District Judge.

The case is before the court upon the following motions: consolidated motion of defendant William L. Cowden, first amended consolidated motions of defendant C. B. Erwin, amended consolidated motions of defendants D. J. Schwarz, R. B. Cowden, and George Cowden, amended motion to dismiss of defendant L. W. Blanchard, motion to dismiss of defendant George Link, Sr., first amended motion for dismissal of defendant C. H. Langdeau (Receiver of General American Casualty Company), and consolidated motions of defendant H. J. Phillips. Said motions will be considered under the following headings: motions to dismiss, motions to strike portions of plaintiffs' first amended original petition, and motions for more definite statement.

The court will consider first the various motions to dismiss the action. These motions will be discussed, as far as possible, in terms of grounds raised in common by all defendants. In the opinion of the court defendants' motions to dismiss, though granted in part as hereafter stated, will not result in complete dismissal of this action.

Smith, McIlheran & Jenkines, Garland F. Smith, Weslaco, Tex., for plaintiffs.

Thompson, Thompson & Young, Bert W. Thompson, San Antonio, Tex., for defendant William L. Cowden.

Perry Rowan Smith, San Antonio, Tex., for defendant C. B. Erwin.

Kelley, Looney, McLean & Littleton, Ralph L. Alexander, Edinburg, Tex., for

■ Raised by defendants, Erwin, Schwarz, R. B. Cowden, George Cowden, Blanchard, Langdeau and Phillips, the first common ground for dismissal is that there is not sufficient diversity of

citizenship between plaintiffs and defendants. From the face of the first amended original petition it would appear that there are residents of Texas and California on both sides of the law suit, thereby destroying diversity of citizenship. In the absence of other jurisdictional grounds this allegation of insufficient diversity of citizenship would merit dismissal of the action. There appear to be sufficient grounds for the jurisdiction of this court, though, since proper allegations of violations of the Securities Act of 1933 raise a federal question. Defendants' motion to dismiss should be granted on this ground, though it will not have the effect of dismissing any part of the action.

Raised by all defendant movants, the second common ground for dismissal is that plaintiffs' first amended original petition fails to state a cause of action under the Securities Act or otherwise against various defendants or by virtue of a conspiracy among them. The court believes that there has been sufficient statement of a claim under Section 12 of the Securities Act of 1933, hereafter referred to as 15 U.S.C.A. § 77l. That section provides legal and equitable remedies to a purchaser of securities against any person who:

"(2) Sells a security (whether or not exempted by the provisions of section 77c of this title, other than paragraph (2) of subsection (a) of section 77c of this title), by use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospective or oral communication, which includes an untrue statement of a material fact * * * necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission. * * * "

Title 15, U.S.C.A. § 77o further states:

"Every person who, by or through stock ownership, agency, or otherwise, or who, pursuant to or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency, or otherwise, controls any person liable under sections 77(k) or 77(l) of this title, shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist."

The following allegations of plaintiffs' first amended original petition state a claim under the above statutes. In Count IV of their first amended original petition plaintiffs allege that "each of them was induced to purchase such securities (of Alamo Casualty Company, General Lloyds Fire and Casualty Company, or their common successor company, General American Casualty Company) because they were deceived as to the true facts by false and misleading oral and written communications regarding material facts made to them by agents, salesmen, brokers, or persons controlled by or acting in concert with Group One defendants (including movants D. J. Schwarz, R. B. Cowden, and George Cowden) and that the U. S. Mails were used in connection with such selling operation in violation of Section 77l(2) of said Securities Act." In Count V the background of the various companies involved is alleged to show that the insolvency was concealed by false and misleading financial statements in order to float issues of securities and to maintain said companies in the insurance business in Texas.

In Count VI plaintiffs set forth the selling plan by which they alleged that

the Group One defendants, including the officers and directors of the Alamo and General American companies and those acting in concert with them, deceived plaintiffs regarding the financial condition of Alamo and General American by use of oral and written communications and acts of deceit and trickery which were designed to and did deceive them. It is alleged how said defendants filed false and misleading financial statements for Alamo and General Lloyds with the Board of Insurance Commissioners of Texas on December 31 of each year after 1949, even though said companies were insolvent by December 1951, and how said defendants, as officers and directors of the companies, caused the transactions that resulted in falsification of the financial statements, directed the fraudulent sales of securities, or lent their names in support of the false financial statements.

In Count VII the participation of the defendants is alleged in further detail, including the role of the Group One defendants in controlling the operations of Alamo and General American which resulted in the frauds allegedly practiced upon the purchasers of securities of said companies, the role of General Securities, Inc. and the Southwest Investment Company in the falsification of the financial statements, the part played by James E. Dunne and Charles D. Dunne, doing business as Dunne's Insurance Reports, in issuing false and misleading reports concerning the financial condition of General American, the responsibilities of J. L. Wright as the securities dealer who put the sales force in the field that made the false written and oral communications to plaintiffs, and the position of L. W. Blanchard and W. J. Noad in examining and approving the charter of General American. It is further alleged that certain other defendants, listed as "Group Two defendants" (including George Link, Sr.), either willfully or negligently cooperated with the conspiracy to defraud by allowing their names to be used in connection with the selling transactions, by actual attendance at board meetings where decisions were made, and by receipt or promise of compensation for the use of their names, advice, and assistance given by them in the operations of General American in their communities, though the said defendants maintain that they were only members of an Advisory Board which had no control over the companies and that they were not members of the Boards of Directors of Alamo and General American.

These allegations are sufficient to state a claim under Section 77*l* since facts are alleged concerning (1) the making of untrue statements of material facts (2) by means of a prospectus or oral communication (3) in the sale of a security (4) by use of any means or instruments of transportation or communication in interstate commerce or of the mails, (5) the purchaser not knowing of such untruth or omission. The objections to the statement of claim concern the statement of liability of various Group One or Two defendants as controlling persons chargeable with joint or several liability with the controlled seller of securities. Section 77*o* applies broadly to "every person who, by or through stock ownership, agency, *or otherwise*," etc. controlling any person liable under Section 77*l*. (Emphasis supplied.) Since the statute speaks in broad terms and does not define "control", this language should be given a broad interpretation to permit the applicable provisions of the Securities Act to become effective wherever the fact of control actually exists. Stadia Oil & Uranium Company v. Wheelis, 10 Cir., 1957, 251 F.2d 269.

In the Stadia Oil & Uranium case it was held that there was a proper question of "control" for the jury where evidence showed that defendant was one of the organizers of the company, its vice-president, and one of its three directors and where it was shown that he presided over and participated in board meetings where the sale and disposition of the company stock was discussed and authorized. As stated above, there are

sufficient allegations of the participation of the Group One defendants as sellers or persons controlling the sellers of securities. It is alleged that said defendants participated in the financial transactions resulting in the falsification of financial statements issued by the companies they controlled and that they directed the fraudulent sales of securities employing such false statements. With the exception of Blanchard, whose motion will be discussed presently, the motions of the Group One defendants on this ground should be denied.

■ There are sufficient allegations of the participation of the Group Two defendants, members of the Advisory Board, in activities involving them in the sales and with the controlling persons. They are alleged to have willfully or negligently cooperated with the general plan or scheme to defraud plaintiffs by allowing their names to be used in connection with the selling transactions, by actual attendance at board meetings at which decisions were made and where they advised, counseled, or voted, and by the receipt or promise thereof.of compensation for the use of their names, advice, and assistance given by them in the operations of the companies in their communities. Though they may not have been members of the boards of directors of the companies, the Group Two defendants are alleged to have been involved in the sales or to have been in positions that may have involved control of the sellers. Their final position in this law suit will have to await the revelation of the "facts" of any alleged control or involvement in the sales at trial. With the exception of Langdeau, whose motion will be discussed presently, the motions of the Group Two defendants on this ground should be denied.

■ There are not sufficient allegations to state a claim against defendant Blanchard as Chief Examiner for the Board of Insurance Commissioners of Texas for approving the charter of General American Casualty Company with full knowledge of the false nature there-

of, based upon false information contained in its subscription affidavit and upon an examination which should have revealed the insolvency of General American at the start. It is alleged that Blanchard breached a public duty to plaintiffs and joined in a concert of action or conspiracy with the other Group One defendants, receiving valuable gifts or favors from them, thereby being compromised in the performance of his public duty, and hence willfully assisting the Group One defendants in falsifying the financial statements of the company. The Securities Act only imposes liability for selling a security under Section 77*l* and for controlling a seller under Section 77*o*. Even by the greatest stretch of that elastic phrase, "by or through stock ownership, agency, or otherwise," it cannot be said that Blanchard participated in a sale or controlled a seller. Thus no claim has been stated against him under the Securities Act. As stated above, the jurisdiction of the court over this action rests only upon a federal question raised by statement of a claim under the Securities Act. There is no jurisdiction by diversity of citizenship that might raise a question of common law conspiracy. The Securities Act has no provision for liability of parties on the ground of conspiracy. Any allegation of liability of Blanchard on the basis of conspiracy to violate the Securities Act, therefore, is insufficient to state a claim in this action. The motion to dismiss of defendant Blanchard should be granted as to him.

The motion to dismiss of defendant Langdeau, Receiver of General American Casualty Company, should likewise be granted. Plaintiffs seek to have the receiver cancel or return all their notes or deeds of trust held by him, which they gave in exchange for securities of Alamo or General American. The receiver contends that this court has no jurisdiction to order cancellation or return of said notes and deeds of trust or a money judgment against General American because all assets of General American are in the exclusive possession

and control of the state court and because any suit on behalf of stockholders, bondholders, debtors, and investors should properly be brought against the receiver in the state court. Plaintiffs contend that this court can adjudicate legal and equitable rights between the receiver and other parties under Texas law without interfering with the possession of property in the hands of the receiver and under jurisdiction of the state court.

The relationship of the receiver and plaintiffs to be assets of General American appears to be as follows: On June 17, 1954, General American was placed in receivership in the 126th District Court, Travis County, Texas. On July 26, 1954, various defendants in this action and the Republic National Bank of Dallas brought suit against the receiver in the nature of an action for declaratory judgment to have declared the validity of a loan transaction in which General American, prior to its receivership, had negotiated and pledged to said bank some of plaintiffs' notes and deeds of trust in the 131st District Court of Bexar County, Texas. On December 1, 1954, this action was filed in the United States District Court, Southern District of Texas, Brownsville Division. On December 29, 1955, the receiver filed an action in the receivership court of Travis County seeking to have said notes and deeds of trust cancelled. Between 1955 and 1958 a jurisdictional dispute arose between the Travis and Bexar courts which was settled in a mandamus proceeding before the Supreme Court of Texas in the case of Wheeler, Receiver, General American Casualty Company v. Williams, 312 S.W.2d 221 (Rehearing denied, April 30, 1958). In that case the Supreme Court of Texas held that the Bexar court had prior jurisdiction to declare the validity of the loan transaction and that the Bexar suit would not interfere in any legal manner with the receiver in his possession, custody and control of the property of General American in the Travis court. It would appear, therefore, that the Texas courts have prior jurisdiction over and possession, custody, and control of all assets of General American. This conclusion reinforces the finding of Judge Kennerly in his opinion of September 19, 1955,[1] staying the proceedings in this court. The order of Judge Roberts of the Travis court of April 20, 1959, granting leave to plaintiffs to proceed in the prosecution of this action, can only be construed as permitting plaintiffs to assert whatever rights they may have in this court and not as a mandate for this court to take jurisdiction over the receiver which is contrary to federal law.

The court declines to take jurisdiction of defendant Langdeau, to order cancellation or return of plaintiffs' notes and deeds of trust, or to enter a money judgment against General American because said assets are in custodia legis of the state court and because any action determining plaintiffs' rights and ordering cancellation of said notes and deeds of trust would interfere with the exclusive possession, custody, and control over them in the state courts. Where a state court has jurisdiction over property, whether in rem or quasi in rem, a federal court of coordinate jurisdiction is disabled from exercising like power. Palmer v. Texas et al., 1909, 212 U.S. 118, 29 S.Ct. 230, 53 L.Ed. 435; Penn General Casualty Co. v. Com. of Pennsylvania, 1935, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850. The cases cited by plaintiffs are distinguishable because an adjudication of plaintiffs' rights in this action would interfere with the exclusive possession of General American's assets in the state court by requiring that the notes and deeds of trust be cancelled or returned. In the Kirby case, for example, defendant in error sought adjudication of a lien on property held by the receiver which the state court considered "would in no wise interfere with the receiver's possession of the property." Kirby v. Dilworth & Marshall, Tex.Com. App.1924, 260 S.W. 152, at page 153. For

these reasons the motion to dismiss of Langdeau should be granted as to him.

Raised by defendants Erwin, Schwarz, R. B. Cowden, George Cowden, William L. Cowden, Langdeau and Phillips, the third common ground for dismissal is that plaintiffs' first amended original petition is not properly brought as a class action under Rule 23 F.R.Civ.P., 28 U.S.C.A. since the rights asserted are several and distinct as to all persons so situated, since the action does not involve the assertion of a right in a common fund or property, and since there are no common questions of fact and of law transcending the claims of the various plaintiffs that would justify joinder of said claims. It is further contended that the alleged rights and claims as between parties plaintiff are antagonistic, in that at least two of plaintiffs, Spencer Bowyer and John L. Dick, are alleged by said pleading to have been the salesmen actually making the various sales to many of the other plaintiffs and are alleged to be the persons actually making the representations claimed by plaintiffs to be fraudulent, to many of the parties plaintiff and the other members of the class they claim to represent. Defendants would also show that a number of the plaintiffs have, after the filing of their first amended original petition, filed a motion for summary judgment which in effect seeks to affirm the transactions complained of in said petition and said plaintiffs thereby seek to recover individually on alleged rights and claims which are not common to other members of the class which they claim to represent. Defendants finally maintain that plaintiffs cannot give adequate representation in any class action which includes a claimed representation of the purchasers of securities of General Lloyds Fire and Casualty Company because it appears from the face of their petition that none of them purchased any securities from said company and that none of them were in anywise involved in any of the transactions pertaining to such sales.

■ Plaintiffs contend that they have properly filed a class action under Rule 23(a)(3) which permits the "spurious" type of class action where the character of the right sought to be enforced for or against the class is "several, and there is a common question of law or fact affecting the several rights and a common relief is sought." If the court should hold that this is not a proper class action, plaintiffs contend that their petition is brought under the provisions of Rule 20(a) as a permissive joinder of plaintiffs because they assert a right to relief arising out of the same series of transactions or occurrences and because a question of law or fact common to all of them will arise in the action. Plaintiffs maintain that they have properly brought a class action because there are some 28 members of the class now before the court, because there are common questions of law or fact, such as the solvency of Alamo Casualty Company, General Lloyds Fire and Casualty Company, and General American Casualty Company, financial statements of said companies used in selling operations, representations and common use of the mails, and violations of the Securities Act, and because they adequately represent the class.

■ In the opinion of the court this action should be dismissed as a class action but retained as a proper permissive joinder of plaintiffs under Rule 20(a). Fundamentally this is not a proper class action under Rule 23(a)(3) because plaintiffs have failed to define the class that they claim to represent. They claim rights in several varieties of securities, issued by three different companies, sold under different purchase contracts and upon different misrepresentations. Some of them claim a different type of relief based upon affirmation, rather than recission, of their purchase contracts. Who is this amorphous group they claim to represent? All persons whom they claim defendants have "done wrong" in selling any of the securities involved? Though there may appear to be a com-

mon question of law or fact involved, such a question must be defined with clarity so that plaintiffs may be seen to "constitute a class" if they are going to maintain a class action under Rule 23 (a) (3). Furthermore, plaintiffs must also seek a common relief. With regard to the Alamo and General American debenture bonds purchased by plaintiffs Zachman, Pierce, Bowyer, and Dick, it is alleged that said plaintiffs were deceived by representations that if at any time the company failed to pay interest on said bonds, the investor could cancel the debenture bond purchase contract and receive back his note and deed of trust. By a motion for summary judgment said plaintiffs seek to affirm their purchase contracts on the ground of default in payment of interest and to exercise their options to cancel said contracts and receive back their notes and deeds of trust. Such relief, based upon affirmance of the contracts, is not common to the relief requested by the other plaintiffs who in effect are seeking recission of their purchase contracts based upon fraud and misrepresentation.

Since a spurious class action is a form of permissive joinder device and binds only the original parties and intervenors, the court does not need to make a searching inquiry into the adequacy of the representation of the class; nevertheless, this issue will be examined to indicate what serious questions may be raised concerning the adequacy of said representation. There must be a positive showing that the persons constituting the class are so numerous as to make it impracticable to bring them all before the court and that those before the court will fairly insure the adequate representation of all. Nowhere do plaintiffs state how large their class may be, except to state in their reply to the motions to dismiss that "the parties making up the class are numerous." How can the court decide whether some 28 plaintiffs adequately represent a class whose total number is not even estimated? Furthermore, it is established that representation cannot be adequate if a plaintiff's interests are antagonistic in any way to the interests of those he represents. Hansberry v. Lee, 1940, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed.2d 22, 132 A.L.R. 741. The interests of plaintiffs Bowyer and Dick, even though they may be interested in obtaining relief for the issues of securities that they purchased, would still seem to be antagonistic to the interests of the persons to whom they are alleged to have made fraudulent misrepresentations and to have sold securities. Finally, the court is quite disturbed to find that none of the plaintiffs purchased securities of General Lloyds Fire and Casualty Company, though they allege that the holders of General Lloyds securities are included in the class they represent.

Actually, the court does not see what advantage plaintiffs seek to gain by maintaining a class action under Rule 23(a) (3), since a judgment would only bind the original parties and intervenors and since, as will be shown, there is no jurisdictional advantage to be gained. The ability of other persons similarly situated to intervene without regard to jurisdictional limitations applicable to the original parties is the raison d'etre of the spurious class suit, since Rule 20 (a) furnishes authority for joinder of parties where a common question of law or fact is involved, subject to jurisdictional restrictions as to diversity of citizenship and amount in controversy. By virtue of 15 U.S.C.A. § 77(v), however, the Securities Act confers jurisdiction of this action upon the court irrespective of the amount in controversy or the citizenship of the parties. Deckert v. Independence Shares Corp., 1940, 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189. In a Securities Act case it has been held that resort to a spurious class action to facilitate exercise of the right of intervention under Rule 24 is entirely unnecessary in a case of that character. Hunter v. Southern Indemnity Underwriters, Inc., D.C.E.D.Ky.1942, 47 F.Supp. 242. Since Rule 20(a), relating to permissive join-

der of parties, should be liberally construed, the court will accept plaintiffs' allegations of common questions of law and fact and will permit joinder under said rule.

 Raised by defendants Erwin, Schwarz, R. B. Cowden, George Cowden, and Phillips, the fourth common ground for dismissal is that insofar as this cause seeks to cancel notes, secured by deeds of trust, of plaintiffs Spencer R. Bowyer and wife, Bessie R. Bowyer, John L. Dick and wife, Hattie M. Dick, H. A. Walters and wife, Lillie May Walters, Rasmus J. Sorensen and wife, Selma Sorensen, E. C. Shoemake, Mary K. Wetzel, individually and as successor in interest of John A. Wetzel, deceased, George Handley and wife, Koala Handley, and Alfred Henry and wife, Lela Henry, said notes and the deeds of trust securing the same are presently held by the Republic National Bank of Dallas, Texas, which was dismissed as a defendant in this action on October 21, 1959. They contend that said bank is a necessary and indispensable party to any action on said notes and deeds of trust and that, because of the absence of said party, the present action should be dismissed insofar as it seeks to cancel and set aside the aforesaid notes and deeds of trust securing the same. Plaintiffs have not countered these contentions.

In the opinion of the court this action should be dismissed insofar as it seeks to cancel and set aside said notes and the deeds of trust securing the same, which are held by the Republic National Bank. As the holder thereof, the bank may assert whatever rights it has in said notes and the deeds of trust securing the same against these plaintiffs. But the dismissal of this action so far as the bank is concerned will not have the effect of dismissing whatever claims these plaintiffs may have under Sections 77($l$) and 77($o$) against the sellers of these securities or the controlling persons thereof to recover the consideration paid for the securities.

 These same defendants assert a fifth common ground for dismissal: that the plaintiffs mentioned above should not be permitted to seek cancellation of said notes and the deeds of trust securing the same in an action in the nature of an equitable proceeding in this court but that they should be remitted to their remedy at law in an action now pending in the district courts of Bexar County, Texas, which has been brought to recover judgment on each of said notes and to foreclose the deeds of trust. In the opinion of the court these plaintiffs may well be remitted to the state courts to assert whatever defenses they may have against the holder of the notes and deeds of trust securing the same. But these defendants should not thereby be deprived of any claims, legal or equitable, that they may have against the sellers of these securities or the controlling persons thereof to recover the consideration paid for the securities.

The rulings of the court on the motions to dismiss will now be recapitulated:

1. The consolidated motion of defendant William L. Cowden will be denied insofar as it is based on failure to state a claim against said defendant under the Securities Act and granted insofar as it is based on failure to bring a proper class action.

2. The first amended consolidated motions of defendant C. B. Erwin will be denied insofar as they are based on failure to state a claim against said defendant under the Securities Act and on the availability to plaintiffs of a remedy at law in the state courts and granted insofar as they are based on failure to bring a proper class action, on insufficient diversity of citizenship to give the court jurisdiction, and on the absence of a necessary and indispensable party, the Republic National Bank, with the limitations mentioned above.

3. The amended consolidated motions of defendants D. J. Schwarz, R. B. Cowden, and George Cowden will be denied

insofar as they are based on failure to state claims against said defendants under the Securities Act and on the availability to plaintiffs of a remedy at law in the state courts and granted insofar as they are based on failure to bring a proper class action, on insufficient diversity of citizenship to give the court jurisdiction, and on the absence of a necessary and indispensable party, the Republic National Bank, with the limitations mentioned above.

4. The amended motion to dismiss of defendant L. W. Blanchard will be granted on the ground that no claim has been stated against him under the Securities Act.

5. The motion to dismiss of defendant George Link, Sr. will be denied.

6. The first amended motion for dismissal of defendant C. H. Langdeau (Receiver of General American Casualty Company) will be granted on the ground that the court does not have jurisdiction to adjudicate the rights of plaintiffs in the notes and deeds of trust held by him, to order cancellation or return of said notes and deeds of trust, or to grant a money judgment against General American because such action necessarily would interfere with the exclusive possession and control over all assets of General American in the state courts.

7. The consolidated motions of defendant H. J. Phillips will be denied and granted as were the first amended consolidated motions of defendant C. B. Erwin considered above.

8. In the absence of opposition by plaintiffs, the various motions to strike portions of plaintiffs' first amended original complaint and for more definite statement will be granted.

The clerk will notify counsel to draft and submit appropriate orders.