**D. H. ZACHMAN et al., Plaintiffs,**

v.

**C. B. ERWIN et al., Defendants.**

**Civ. A. No. 927.**

United States District Court
S. D. Texas,
Brownsville Division.

Aug. 1, 1960.

Smith, McIlheran & Jenkines, Weslaco, Tex., for plaintiffs.

Perry Rowan Smith, San Antonio, Tex., for C. B. Erwin.

Kelley, Looney, McLean & Littleton, Edinburg, Tex., for R. B. Cowden, George Cowden, and D. J. Schwarz.

Hubert W. Green, Jr., San Antonio, Tex., for Dow S. Robinson, H. L. Glosserman, Harold L. Burke, W. O. Erwin, M. L. Hendricks, John J. Burris, Southwest Investment Co., Inc., and General Securities, Inc.

Marvin Schulman, Houston, Tex., for Ralph D. Stokes.

Muckleroy McDonnold, San Antonio, Tex., for S. N. Heath.

Arthur A. Klein, Harlingen, Tex., and McGown, Godfrey, Logan & Decker, Fort Worth, Tex., for W. J. Noad.

Arthur A. Klein, Harlingen, Tex., for M. L. Cudd.

Bascom Cox, Brownsville, Tex., for James E. Dunne and Charles D. Dunne.

Stahl & Sohn, Elmer Ware Stahl, and Al. J. Klein, San Antonio, Tex., for J. L. Wright.

Cox, Patterson & Freeland, McAllen, Tex., for Bennie Sue, Thomas McCormick and Len G. McCormick.

Richard S. Brooks, Midland, Tex., for Allen Cowden.

Raymond, Algee, Alvarado, Kazen & Woods, V. C. Woods, Laredo, Tex., for Wm. T. Moore.

INGRAHAM, District Judge.

The case is before the court upon pending motions to dismiss and for more definite statement to be ruled upon prior to amendment of the complaint and pretrial proceedings.

In its opinion of December 31, 1959, D.C., 186 F.Supp. 681, the court found that the first amended complaint states a claim under the Securities Act of 1933, 15 U.S.C.A., §§ 77l and 77o and raises a federal question warranting jurisdiction under 28 U.S.C.A. § 1331. Since there was insufficient diversity of citizenship, the action was dismissed insofar as it was based on diversity jurisdiction. While the action was dismissed as a class action, the court considered that there are sufficient allegations of common questions of fact and law to allow permissive joinder of plaintiffs under Rule 20(a) F.R.Civ.P., 28 U.S.C.A. The remaining questions decided in the opinion have not been raised by or do not involve defendants whose motions are now being considered. All motions will be considered as addressed to the first amended complaint, rather than to the original complaint, though these pleadings will be construed together in determining the position of each defendant in the action.

The court will consider first the motions to dismiss for failure to state a claim upon which relief can be granted. In the opinion of December 31, 1959, sufficient allegations were found of the participation of the Group One and Group Two defendants in activities involving them in the alleged sales of securities and with the persons controlling

the sellers. The present question is whether the alleged activities of defendants now under consideration are sufficient to include them within the prior ruling.

Among the Group One defendants the alleged activities of the officers and directors of General American Casualty Company will be discussed first. In Paragraph No. VII(2) on page 45 of the first amended complaint it is alleged that the officers and directors of General American, including defendants Stokes and Heath, "were in control of the operations of such company, authorized the issuance and sale of the cooperative board interim certificates and debenture bonds, and prepared and authorized the distribution of the false written communications which were exhibited to these complainants, and employed J. L. Wright to sell said securities to the public, and supervised his selling operations thereof."

■ Defendant Stokes moves for dismissal on the ground that no claim has been stated against him and joins in asserting the grounds urged by defendants Moore, Blanchard and Noad. Stokes is alleged to have been a director of General American as of December 31, 1953 (pp. 3, 33–34) and to have participated in a transaction resulting in a falsification of the financial statement of General American as of December 31, 1953, which was used to persuade plaintiffs to purchase securities (pp. 26, 41). Said allegations are sufficient to include Stokes within the Group One defendants against whom the court found a claim is stated under 15 U.S.C.A. §§ 77l and 77o.

■ Concerning the motions of Moore, Blanchard and Noad, it is difficult to determine which grounds asserted therein are applicable to Stokes. As a Chief Examiner and Examiner of the Board of Insurance Commissioners and an attorney who appeared before the Board in behalf of General American, these defendants are far removed from Stokes, who is alleged to be within the governing body of one of the corporations fraudulently selling securities. The arguments in Moore's brief concerning interpretation of Section 77o are discussed in the opinion of December 31, 1959, and the discussion above. The only argument of Blanchard and Noad worth discussing in relation to Stokes is that the remedy of the Securities Act of 1933 in fraudulent sales of securities is not applicable to insurance companies because of the McCarran-Ferguson Act, 15 U.S.C.A. § 1012. That statute does not preclude application of the Securities Act to the insurance business since there is no indication that it invalidates, impairs, or supersedes any law of the State of Texas regulating the insurance business. An examination of the Insurance Code of Texas reveals no special remedy for purchasers against persons who have defrauded them in the sale of insurance company securities.

■ Defendant Heath moves for dismissal on the ground that no claim has been stated against him. Heath is alleged to have been a director of General American (pp. 3, 45) and a member of the Advisory Board (p. 29). Said allegations are sufficient to include Heath within the Group One defendants against whom the court found a claim is stated under 15 U.S.C.A. §§ 77l and 77o.

Defendant Wright moves for dismissal on the following grounds: (1) that the court lacks jurisdiction, since there are not sufficient allegations of the sale of securities by use of interstate commerce or the mails and (2) that a claim has not been stated against him for which relief can be granted, since no specific allegation of violation of the Securities Act is made against him and since the original complaint prayed recission and cancellation of all purchase contracts for the securities and return of notes, deeds of trust, and bond purchase contracts not possessed by Wright.

■ Concerning the court's jurisdiction, Wright contends that the only specific allegation of use of the mails in the original complaint was that the securities were delivered after purchase·

through the mails. Even such limited use of the mails though is sufficient basis for jurisdiction under the Securities Act of 1933. In Schillner v. H. Vaughan Clark & Co., 2 Cir., 1943, 134 F.2d 875, 877, the court upheld jurisdiction where the mails were only used for delivery of stock certificates on the ground that a seller who mails a certificate to a buyer "sells a security by use of the mails" within the meaning of the Securities Act. The Fifth Circuit followed the Schillner case in Blackwell v. Bentsen, 5 Cir., 1953, 203 F.2d 690, 691, where it sustained jurisdiction based only upon delivery of deeds and contracts by use of the mails. Whatever objection Wright may have to the original complaint is cured by the first amended complaint which alleges that false and misleading communications were sent through the mails by Wright prior to the sales and were used in the selling of each plaintiff (pp. 17, 18, 47, 52). Since there is sufficient allegation of the use of the mails, it is not necessary to find use of any means or instruments of transportation or communication in interstate commerce.

■ Regarding statement of a claim against him Wright claims that no specific violation of the Securities Act is alleged. This argument is answered by the statement of Wright's participation in the alleged frauds on page 47 of the first amended complaint, where he is charged with "organizing and putting into the field a sales force to distribute the false and fraudulent written communications provided by the officers, directors and advisors of Alamo and General American and those acting in concert with them, and to supplement the same with false and misleading oral communications, all of which was designed to, and did, induce each of these complainants to invest in the securities of Alamo and General American, as herein alleged."

Plaintiffs concede merit in Wright's contention that the action should be dismissed against him insofar as the relief requires rescission and cancellation of purchase contracts and return of notes, deeds of trust, and bond purchase contracts not possessed by Wright. Relief may still be obtained against Wright, however, for the consideration paid, since the first amended complaint prays return of the cash or other valuable things delivered to defendants in exchange for the securities purchased. In its opinion of December 31, 1959, the court dismissed the action insofar as it sought to cancel notes and deeds of trust held by the Republic National Bank of Dallas, which had been dismissed as a party on October 21, 1959. Jurisdiction was retained though over any claims against the sellers or controlling persons thereof to recover the consideration paid for the securities. Similarly, Wright can be found liable for the value of the consideration paid even though he conveyed any monies collected or notes and deeds of trust received to his superiors.

■ Among the Group One defendants the alleged activities of the examiners of the Board of Insurance Commissioners now will be discussed. Examiner Noad moves for dismissal on several grounds, including failure to show that he sold or participated in the sale of securities to any of plaintiffs. Noad's position is similar to that of Blanchard, Chief Examiner of the Board of Insurance Commissioners, against whom the action was dismissed in the opinion of December 31, 1959. D.C. 186 F.Supp. 681. Both Blanchard and Noad are charged with conducting the examination of General American as of June 30, 1952, in such a manner that its insolvency was concealed from the Board, with receiving valuable gifts or favors from the officers or directors of General American, and with assisting in the falsification of the financial statements of the company.

In its opinion of December 31, 1959, the court dismissed Blanchard, stating "The Securities Act only imposes liability for selling a security under Section 77*l* and for controlling a seller under Section 77*o*. Even by the greatest stretch of

that elastic phrase, 'by or through stock ownership, agency, or otherwise,' it cannot be said that Blanchard participated in a sale or controlled a seller." 186 F. Supp. 686. The same conclusion is applicable to Nood.

Among the Group Two defendants the alleged activities of the members of the Advisory Board of General American now will be discussed. In its opinion of December 31, 1959, the court found that there are sufficient allegations of the participation of the members of the Advisory Board in activities involving them in the sales and with the controlling persons. As the court there stated, denying the motions to dismiss of Phillips, William L. Cowden and Link:

"* * * They are alleged to have willfully or negligently cooperated with the general plan or scheme to defraud plaintiffs by allowing their names to be used in connection with the selling transactions, by actual attendance at board meetings at which decisions were made and where they advised, counseled, or voted, and by the receipt or promise thereof of compensation for the use of their names, advice, and assistance given by them in the operations of the companies in their communities. Though they may not have been members of the boards of directors of the companies, the Group Two defendants are alleged to have been involved in the sales or to have been in positions that may have involved control of the sellers. Their final position in this law suit will have to await the revelation of the 'facts' of any alleged control or involvement in the sales at trial."

It does not appear that the positions of defendants Cudd, Allen Cowden, Stevens and the McCormicks, as members of the Advisory Board of General American, materially differ from those of Phillips, William L. Cowden and Link for purposes of these motions to dismiss.

Defendant Moore moves for dismissal on the ground that no claim has been stated against him. As an attorney and state senator, Moore is alleged to have represented General American before the Board of Insurance Commissioners and to have obtained a lifting of the operation of the Texas Insurance Code as to his client through improper influence. If the Insurance Code had been applied to General American, plaintiffs contend that the operation of the company would have been prohibited and their damage would have been prevented. As the court observed regarding Blanchard and Noad, the broad language of Sections 77l and 77o only imposes liability for selling a security or controlling a seller. It cannot be said that Moore violated the Securities Act in these respects.

The court will consider next the motions to quash return of service upon James E. Dunne and Charles D. Dunne, doing business as Dunne's Insurance Reports. These motions to quash will be treated as motions to dismiss for insufficiency of process, since a motion to quash lies against a subpoena under Rule 45. Plaintiffs assert jurisdiction over the Dunnes under 15 U.S.C.A. § 77v, which provides jurisdiction in the federal courts in Securities Act cases and venue "in the district wherein the defendant is found or is an inhabitant or transacts business, or the district where the offer or sale took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found." Plaintiffs allege that false or misleading statements concerning the financial condition of General American in a Dunne's Insurance Report of January 1, 1953, on that company were displayed in connection with the sales of securities to them, that the statements purported to be impartial reports of a responsible insurance reporting service, and that there was a financial tie between the Dunnes and General American which might compromise the independ-

ence of the reporting agency. Thus they claim that the Dunnes participated in the sales and invoke the jurisdiction of Section 77v in the district where the offers or sales were made and the right to serve defendants in any other district where they are inhabitants or may be found.

Charles D. Dunne contends that he was improperly served in Louisville, Kentucky, on February 1, 1955, admittedly his state of residence, because he has never been a resident of the Southern District of Texas, has never transacted business therein, did not participate in sales of securities to plaintiffs, and cannot be served under Section 77v. The court believes that there is sufficient allegation of his participation in the sales to sustain jurisdiction over him until his involvement in the sales can be determined at trial. Service of process upon him in accordance with Section 77v was proper within the district of which he apparently is an inhabitant.

■ James E. Dunne contends that he was improperly served in Louisville, Kentucky, on February 11, 1955, by substituted service upon his grandson, James E. Dunne II, because he has never been a resident of the Southern District of Texas, has never transacted business therein, did not participate in sales of securities to plaintiffs, had no dwelling house or usual place of abode in Louisville at the time of service, and cannot be served under Section 77v. The court believes there is sufficient allegation of his participation in the sales to sustain jurisdiction over him until his involvement in the sales can be determined at trial. Rule 4(e) of the Rules of Civil Procedure provides that service of process upon a party not an inhabitant or found within the state, as provided by a federal statute or court order, shall be made under the circumstances and in the manner prescribed by the statute, rule, or order. Section 77v is such a statute and stands as an exception to the rules of

service in Rule 4(d). Service of process is permitted under Section 77v upon parties "in any other district of which the defendant is an inhabitant or wherever the defendant may be found." James E. Dunne was not found in Louisville, Kentucky, his grandson was. It is not shown that his grandson was an agent authorized by appointment or by law to receive service of process. It is not shown that he was served personally or that copies were left at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. His motion to quash return of service should be granted.

■ The court will consider next any challenge to venue of the action in this district which may have been raised by Stokes adopting the grounds for dismissal urged by Noad. As noted above, Section 77v vests jurisdiction in the federal courts in Securities Act cases and venue "in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein." There is no indication that the alleged offers or sales did not take place within the Southern District of Texas. All remaining defendants are alleged to have participated in the sales or to have controlled the sellers to some degree. Though the court believes that venue in this district is proper, plaintiffs should specify in the contemplated amendment of their pleadings that each offer or sale took place within the Southern District of Texas.

The various motions to dismiss for failure to state a class action submitted by C. B. Erwin, Robinson, Glosserman, R. B. Cowden, George Cowden, Schwarz, Burke, W. O. Erwin, Hendricks, Burris, Heath, Southwest Investment Company, Inc., General Securities, Inc., and Wright are governed by the court's opinion of December 31, 1959, which dismissed the action as a class action but allowed per-

missive joinder of plaintiffs under Rule 20(a).

The motions for more definite statement of Stokes and Wright are cured by the first amended complaint or are without merit.

No pre-trial motions are presented for decision by Odom, Stone, Stevens, Link, William L. Cowden and Phillips.

The following rulings are announced:

1. The motions of C. B. Erwin, Robinson, Glosserman, R. B. Cowden, George Cowden, Schwarz, Burke, W. O. Erwin, Hendricks, Burris, Heath, Southwest Investment Company, Inc. and General Securities, Inc. to dismiss insofar as the suit is brought as a class action will be granted.

2. The motion of Stokes to dismiss and for more definite statement will be denied.

3. The motion of Heath to dismiss will be denied.

4. The motion of Wright to dismiss and for more definite statement will be denied.

5. The motion of Noad to dismiss will be granted.

6. The motion of Cudd to dismiss will be denied.

7. The motions of the McCormicks and Allen Cowden to dismiss will be denied.

8. The motion of Moore to dismiss will be granted.

9. The motion of Charles D. Dunne to quash return of service will be denied.

10. The motion of James E. Dunne to quash return of service will be granted.

The clerk will notify counsel to draft and submit orders accordingly.